Paulino Izaguirre **ROJAS,**
Plaintiff-Appellant,

v.

Robert **RICHARDSON,** Kenneth **McGee**
and **M and R Cattle Company,** a partnership, Defendants-Appellees.

No. 82–2149.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1983.

Rehearing and Rehearing En Banc
Denied Oct. 3, 1983.

Gregory L. Ceshker, Dallas, Tex., for plaintiff-appellant.

Richard Grainger, Tyler, Tex., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

## ON PETITION FOR REHEARING

JERRE S. WILLIAMS, Circuit Judge:

This suit involves a claim by Paulino Izaguirre Rojas, who worked as a ranchhand for Robert Richardson, a partner in the M and R Cattle Company. On December 4, 1980, while at work, Rojas was thrown from the horse he was riding and severely injured. He brought this suit in federal court invoking diversity jurisdiction. He claimed negligence in furnishing him with a dangerous horse and bridle. After a full trial, the jury returned a verdict denying him recovery.

In our prior opinion, *Rojas v. Richardson,* 703 F.2d 186 (5th Cir.1983), we reversed the district court and remanded for a new trial on the ground that counsel for the defendant in closing argument made reference to Rojas as an "illegal alien", coupling that argument with the Golden Rule argument: "If the situation were reversed and you or I were in Mexico—were illegal aliens in Mexico—I would hope Mexico would open up their Courts, would open up their job market, would open up their public schools, would open up their State hospitals, as we have in this country for Mr. Rojas." He then went on to say that Mr. Rojas "shouldn't be entitled to any extra benefits because he is an illegal alien in this country than would any other citizen of the United States be entitled."

It was known throughout the trial that Rojas was a citizen of Mexico since the jurisdiction of the court was based upon this fact. But as the case was presented to this Court by the briefs of both parties, the entire trial was devoid of any reference to Rojas being an "illegal alien" until the closing argument of the counsel for the defense. Under these circumstances, we found the argument detailed above so highly prejudicial to the jury that we reversed and remanded for a new trial even though no objection had been made by the plaintiff's counsel at the time the argument was advanced. To reach this result, therefore, we had to find that allowing the argument to go to the jury was "plain error" on the part of the district court. *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); *United States v. Gerald,* 624 F.2d 1291, 1299 (5th Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981). On motion for rehearing, defendant Richardson brings to our attention an important aspect of this case which was not in the record and was not referred to in the briefs, although the briefs focused upon the reference to "illegal alien". The defendant on rehearing supplemented the record with the transcript of the proceedings on voir dire. Those proceedings made clear that it was made known to the prospective jurors at that time that plaintiff, Rojas, was an "illegal alien".

The sequence of events under which this occurred is revealed by the supplemented record. The trial court overruled the plaintiff's motion in limine to bar reference to plaintiff as an illegal alien at the trial. No exception was taken to this ruling by plaintiff's counsel. The voir dire began immediately, on the same day. It appears clear that as a matter of tactics, the plaintiff's attorney himself brought to the attention of the jury the fact that the plaintiff was an illegal alien as an obvious means of heading off a later dramatic presentation of this fact by the defendant. The motion for rehearing also points out that there was one brief mention during trial of the fact that Rojas was an alien "without papers" and, therefore, was "as we say 'an illegal alien'". This one brief and casual mention

in the record is the only reference to the fact that plaintiff was an undocumented alien in the entire record after the voir dire until the closing argument by counsel for the defendant.

The critical point, however, is that contrary to the way the case was presented to the panel in the briefs of the parties, the jury was aware throughout the entire case that the plaintiff Rojas was an "illegal alien". The major ground upon which we found the argument so prejudicial as to be plain error thus has been removed by the supplementing of the record and our consideration of the voir dire examination.

In our prior opinion we referred to the argument as "highly prejudicial and a blatant appeal to jury bias." We still characterize this argument with these terms. But in view of the knowledge which the jury had throughout the trial as to plaintiff's legal status, we cannot find that in the absence of objection by plaintiff's counsel this argument was so prejudicial as to be plain error, even when coupled with the Golden Rule argument. Plain error is not a "run of the mill remedy". *United States v. Gerald, supra,* 624 F.2d at 1299. It is invoked "only in exceptional circumstances to avoid a miscarriage of justice." *Eaton v. United States,* 398 F.2d 485, 486 (5th Cir.), *cert. denied,* 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968). We cannot find exceptional circumstances once it is shown to us on rehearing that the jury knew throughout the trial that Rojas had the status of an illegal alien.

We therefore GRANT the motion for rehearing, and upon rehearing we set aside our earlier decision and AFFIRM the judgment of the district court.

AFFIRMED.