**AMERICAN HOME ASSURANCE COMPANY, Appellant,**

v.

**SUNSHINE SUPERMARKET, INC., Appellee.**

No. 84–3021.

United States Court of Appeals, Third Circuit.

Argued Dec. 6, 1984.

Decided Feb. 1, 1985.

ers, most of whom are also officers or employees of the corporation. It owned the Sunshine Supermarket in the Virgin Islands which was extensively damaged by fire on the night of February 19, 1981. The store closed at 8:00 PM that night. The last group of people to leave the store on the night of the fire were eight shareholder-employees who left together shortly before or about 9:00 PM. The fire was reported to the Virgin Islands fire department at 9:10 PM.

American Home had issued to Sunshine a policy of insurance that would insure Sunshine against losses to its business and property by reason of fire. An investigator hired by American Home reported that the fire had been deliberately set, and this opinion was corroborated by the opinions of fire officials in the Virgin Islands. American Home refused to pay Sunshine for the damages suffered and brought this action for a declaratory judgment that it was not liable under the policy.

At trial, American Home advanced two grounds for its refusal to pay under the policy. First, it contended that Sunshine deliberately caused the fire to be set. Arson by the insured would relieve American Home of its contractual obligation to indemnify. Second, it contended that Sunshine's shareholder-employees wilfully made materially false statements to American Home during its investigation of the fire and that Sunshine fraudulently exaggerated its proof of loss claim. Fraud or false swearing by the insured is a ground, independent of arson, for voiding a policy of insurance. Sunshine counterclaimed for its losses under the policy, for damages due to American Home's delay in paying the fire claim and for punitive damages.

At the close of the evidence, the district court refused to submit to the jury American Home's defense of misrepresentation by the shareholder-employees and Sunshine's claim for punitive damages. The jury, upon submission of the remainder of the issues by special interrogatories, found in favor of Sunshine and against American

R. Eric Moore, Christiansted, St. Croix, V.I., James L. Carroll [argued], Watkins & Eager, Jackson, Miss., for appellant.

Edward J. Ocean [argued], Christiansted, St. Croix, V.I., Yamil Galib Frangie, San German, P.R., for appellee.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The American Home Assurance Company ("American Home") appeals from a judgment entered after a jury trial. American Home brought this declaratory judgment action for a declaration that it was not liable under the policy issued to Sunshine Supermarket, Inc. ("Sunshine"). Sunshine counterclaimed under the policy for its losses and for damages due to American Home's refusal to pay in a timely manner. This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1983).

### I.

Based on the testimony, the jury could have found the following facts. Sunshine is a close corporation with ten sharehold-

Home. A judgment thereupon was entered and American Home appealed.

## II. The Arson Defense

American Home argues that the district court made several errors with respect to the arson defense that require a new trial. First, American Home contends that the district court improperly admitted evidence that no criminal prosecution for arson had been instituted in connection with the fire at the Sunshine Supermarket. Second, it claims that the district court failed to instruct the jury properly on the burden of persuasion required to prove arson. Third, it questions the propriety of the district court's comments tending to support the credibility of Sunshine's expert witness.

### A. Admission of the Evidence of Non-Prosecution

As a threshold matter, Sunshine contends that American Home may not raise this issue on appeal because American Home's counsel failed to object at trial to the introduction of the evidence. Fed.R. Evid. 103(a).

Prior to the trial, American Home filed a motion *in limine* to prevent the introduction of the evidence of non-prosecution for arson. The district court ruled that the evidence could be admitted if American Home introduced evidence that Virgin Islands fire officials believed that the fire was deliberately set. During trial, American Home presented such opinions by the fire officials and Sunshine responded by showing, without contemporaneous objection, that no prosecution had been instituted.

██ The initial question before this court is whether a denial of a motion *in limine* is sufficient to preserve for purposes of appeal the specific issue raised in the motion. Federal Rule of Evidence 103(a) requires that a timely objection be made in order to preserve an issue for appeal. Rule 103(a), however, must be read in conjunction with Federal Rule of Civil Procedure 46 which states that formal exceptions are unnecessary. *Cf. Bowley v. Stotler,* 751 F.2d 641 (3d Cir.1985) (reading Fed.R.Civ.P. 51 with

Rule 46). Both Rule 103(a) and Rule 46 have as their underlying objective that potential trial problems be brought to the attention of the trial court and a timely opportunity be given to rule on such issues. *See* Fed.R.Evid. 103 advisory committee note; 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 46.02 (2d ed. 1984). Thus, the test is whether an objection at trial would have been more in the nature of a formal exception or in the nature of a timely objection calling the court's attention to a matter it need consider.

The other courts of appeals that have considered this issue are divided. The Ninth Circuit apparently holds that an objection at trial is unnecessary, and the Fifth Circuit differs by requiring an objection at trial. *Rojas v. Richardson,* 703 F.2d 186, *opinion set aside for other reasons on rehearing,* 713 F.2d 116 (5th Cir.1983). *Compare Collins v. Wayne Corp.,* 621 F.2d 777 (5th Cir.1980) *with Sheehy v. Southern Pac. Trans. Co.,* 631 F.2d 649 (9th Cir.1980). *See also* 1 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 103[03] (1982). The Fifth Circuit's view is predicated on the theory that a motion *in limine* presents a largely hypothetical question and that a trial court is in a better position to rule on an evidentiary issue in light of a specific trial situation. *Collins,* 621 F.2d at 784. In certain situations, a trial court should defer ruling on an evidentiary issue if the nature or relevance of the evidence is unclear before trial. However, if an issue is fully briefed and the trial court is able to make a definitive ruling, then the motion *in limine* provides a useful tool for eliminating unnecessary trial interruptions. *See In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238, 260 (3d Cir.1983) (approving of the use of motion *in limine* ).

Here, counsel for American Home filed a written pretrial motion requesting that the evidence of non-prosecution be ruled inadmissible. The motion set forth reasons, including case citations, in support of the request. The trial court held a hearing at which it considered the arguments of coun-

sel and made a definitive oral ruling with no suggestion that it would reconsider the matter at trial. Under these circumstances, requiring an objection when the evidence was introduced at trial would have been in the nature of a formal exception and, thus, unnecessary under Rule 46.

■ Having passed the threshold question, we must now consider the merits of the ruling. We note that the opinions by the fire officials were clearly admissible. There was testimony that showed that they were experienced and knowledgable in the investigation of fires and that their opinions were based on personal observation. *See* Fed.R.Evid. 701. Further, it is not contended that they were not qualified to testify as expert witnesses. Fed.R.Evid. 702 & 703.

■ By ruling that if this clearly admissible evidence were offered then Sunshine could present evidence of non-prosecution, the district court linked the two propositions. The question is then whether this linkage was permissible. This court held in *Galbraith v. Hartford Fire Insurance Company,* 464 F.2d 225 (3d Cir.1972), that evidence of non-prosecution for arson was inadmissible in a civil action to disprove arson. Although that case was decided under New Jersey law and not the Federal Rules of Evidence, the basic evidentiary principles and reasoning of that case are applicable here. The evidence of non-prosecution is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case. *Cf.* E. Cleary, McCormick on Evidence 895 (3d ed. 1984). Further, prosecutorial discretion may take into account many other factors not relevant in a civil suit. At best, the evidence of non-prosecution is evidence of an opinion by the prosecutor. The opinion of a layperson, as the prosecutor was in this case, however, is inadmissible if it based on knowledge outside the individual's personal experience. Fed.R.Evid. 602, 701. *Galbraith,* 464 F.2d at 226–28; *Mineo v. Eureka Security Fire and Marine Ins. Co.,* 182 Pa.Super. 75, 125

A.2d 612, 616 (1956) (evidence of nolle prosequi inadmissible).

■ The inadmissibility of evidence of non-prosecution also comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case. *Williams v. Cambridge Mut. Fire Ins. Co.,* 230 F.2d 293 (5th Cir. 1956) (Miss. law); *Wheat v. Continental Casualty Co.,* 652 S.W.2d 345 (Tenn.1983); *Greenberg v. Aetna Ins. Co.,* 427 Pa. 511, 235 A.2d 576 (Pa.1967), *cert. denied,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968).

The district court, however, apparently admitted the evidence of non-prosecution to rebut the testimony of the fire officials. There are limited occasions when otherwise inadmissible testimony may be admitted as rebuttal. *Cf. Walder v. United States,* 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954); *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (evidence inadmissible under the exclusionary rule is admissible to impeach witness); Fed.R.Evid. 801(d)(1) (prior inconsistent statements are not hearsay if offered for rebuttal purposes).

■ Assuming without deciding that evidence of non-prosecution, which is otherwise inadmissible, would be admissible as rebuttal, the district court exceeded its permissible discretion in admitting evidence of non-prosecution when the evidence, as here, does not directly rebut the testimony of the fire officials. *United States v. Pantone,* 609 F.2d 675, 681 (3d Cir.1979). The evidence of non-prosecution was highly prejudicial because it went to the principal issue in this case. The admission of this evidence, therefore, was reversible error. *See Galbraith,* 464 F.2d at 228.

## B. Instructions on the Burden of Persuasion

American Home also contends that the district court erred by incorrectly instructing the jury on the proper burden of persuasion in a civil arson case. The district court instructed the jury that American

Home had the burden of proving both its defenses of arson and fraudulent misrepresentation. It further instructed the jury that the fact of arson could be proved by the preponderance of the evidence, and that fraud was to be proven by clear and convincing evidence. On appeal, American Home does not contest this statement of the law.

■ However, the district court went on to instruct the jury that fraud also included the case where an insured set fire to his property and then denied committing arson to the insurance company. Although the district court is probably correct that this is a form of fraud, it was unnecessary to instruct the jury as to this aspect of fraud. The act of arson by the insured was itself a complete and independent defense that could be proved by a lesser burden of persuasion than that necessary for proof of fraud.

The district court clarified matters somewhat by giving the jury special interrogatories that indicated that they were to find arson by the preponderance of the evidence. However, the court also indicated that in answering this interrogatory, the jury should keep in mind the burden of persuasion for fraud.

These remarks could have confused the jury. It is unnecessary, however, for us to decide whether these instructions alone constitute reversible error because we have already concluded that a new trial is required and we assume that this confusing language will not be repeated.

C. Comments Made by the Trial Court

American Home contends that the district court prejudiced its arson and fraud defenses by improperly bolstering the credibility of Sunshine's witness Martin Smith. We address this contention, even though we have already decided to order a new trial, because the matter could arise again.

Mr. Smith was retained by Sunshine, prior to the commencement of the litigation, to calculate and present Sunshine's claim of damages to American Home. Mr. Smith's fee was to be a percentage of the ultimate recovery under the policy. During the trial, Mr. Smith testified as to the accuracy and propriety of his damage calculations. American Home attacked Mr. Smith's credibility by bringing to the jury's attention his contingency fee arrangement. Contrary to American Home's assertion, the nature and scope of the fee arrangement was completely disclosed to the jury. Further, both sides argued its significance during the summation.

■ American Home contends that the district court improperly commented on fee arrangements. During the cross-examination of Mr. Smith about his contingency fee arrangement, the court stated to the jury: "Ladies and gentlemen, there is nothing wrong with a contingency fee. Lawyers do it all the time." American Home contends that this questionable remark was prejudicial. However, its counsel failed to object to the remark at trial and, therefore, may not raise the issue for the first time on appeal. Fed.R.Evid. 103.

During the jury instructions, the court also commented on Mr. Smith's fees by adding:

> With respect to the interest of the witness in the case, it was brought out in testimony and it has been argued to you that the witness, Martin Smith, has a financial interest in the case because he is paid on a contingent basis, four per cent, I think, the testimony was, but you could rest assured that each expert who testified in this case regardless of which side called him, no one is testifying for the joy of it. Each one is being paid by the side that called them, ... As long as they are expert witnesses they are being paid.... Whether we know it or not, as to the others, they are being paid. This is not to say that the witness who is being paid, that he will not testify truthfully, but it is a factor that you may consider in determining his motive in testifying or whether his interests in a case may or may not have colored his testimony.

American Home made a timely objection to this instruction before the jury retired. Fed.R.Civ.P. 51.

A federal judge is permitted to summarize and comment upon the evidence. 1 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 107[07] (1982). The court's comments, however, may not confuse or mislead the jury, or become so one-sided as to assume an advocate's position. *McGlothan v. Pennsylvania Ry. Co.*, 170 F.2d 121, 125 (3d Cir.1948); *United States v. Allied Stevedoring Corp.*, 241 F.2d 925, 934 (2d Cir.), *cert. denied*, 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143 (1957). In this case, the district court alluded to facts not introduced in the record. There was no evidence as to the amount or nature of the fee arrangements of the other witnesses. Second, the district court should not have suggested that the credibility of a witness who has a sizable direct financial interest in the outcome of a case is similar to that of a witness who is paid an unknown fixed fee. Further, Mr. Smith's status is different from that of the other expert witnesses. As we understand his testimony, he was hired to be an advocate for Sunshine. His job was to negotiate as large a settlement as possible. It was entirely proper for American Home to bring out that Mr. Smith had a direct interest in the litigation. The district court's comments directly rebutted several of the permissible inferences that a jury could draw from the fee arrangement. Under the circumstances, we believe that it was error for the district court to comment as it did.[1] We need not decide, however, whether the district court's impermissible comments constituted reversible error because of our determination that there must be a new trial on the arson defense.[2]

## III. Misrepresentations And Concealment in the Examinations Under Oath

At trial, American Home defended against liability on the ground that Sunshine's insurance policy was voided because Sunshine's shareholder-employees made materially false statements to American Home concerning Sunshine's financial state and the whereabouts of various shareholder-employees on the night of the fire. American Home is presumably relying upon its contract provision that states:

This entire policy shall be void if, whether before or after a loss, the Insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Insured therein, or in case of fraud or false swearing by the Insured relating thereto.

At the close of the evidence, the district court struck American Home's defense as to the misrepresentations in the shareholder-employee statements for insufficient evidence. American Home contends on this appeal that there was sufficient evidence to submit its defense to the jury.

The starting point of our inquiry is the proper standard for determining the sufficiency of the evidence in this case. Virgin Islands law governs the burden of persuasion necessary to prove insurance fraud. *See Batka v. Liberty Mut. Fire Ins. Co.*, 704 F.2d 684, 687 (3d Cir.1983) (applying state law in diversity case).

Absent contrary local law or a provision in the American Law Institute's restatements of the law, the common law as generally understood in the United States is the law in the Virgin Islands. V.I.Code Ann. tit. 1, § 4 (1967). No Virgin Islands law or restatement provision has been

---

1. If Mr. Smith's fee agreement, which is not in the record, implicates some ethical considerations, then we assume that the district court will consider their relevance, if any, to the new trial. *See* Model Code of Professional Responsibility, DR 7-109(c) (1979) (applicable in the Virgin Islands, 5 V.I.C.App.V.R. 57(3) (1982)). *See also* Model Rules of Professional Conduct, Rule 3.4(b) (1983).

2. Although Mr. Smith's testimony was relevant to the proof of Sunshine's losses in its counterclaim under the policy and to American Home's defense of fraudulent exaggeration of the proof of loss, we need not decide whether the district court's comments were prejudicial to these issues because of our determination of the scope of the new trial. *See infra* section VI.

brought to our attention concerning the sufficiency of the evidence necessary to make out a case of fraud or false swearing by the insured.

█ The general rule in the United States requires proof of fraud or false swearing by clear and convincing evidence. *Batka v. Liberty Mut. Fire Ins. Co.*, 704 F.2d 684 (3d Cir.1983) (Pa. and N.J. law); *Gardner v. Wilkinson*, 643 F.2d 1135 (5th Cir.1981) (Miss. law); *Strickland v. Prudential Ins. Co.*, 278 S.C. 82, 292 S.E.2d 301 (S.C.1982); *Hylton v. Provident Life and Acc. Ins. Co.*, 159 W.Va. 728, 226 S.E.2d 453 (1976); *Harrell v. North Carolina Mut. Life Ins. Co.*, 215 Va. 829, 213 S.E.2d 792 (1975); *Mosely v. National Bankers Life Ins. Co.*, 66 N.M. 330, 347 P.2d 755 (1959). *See also* 46 C.J.S., *Insurance* § 1355 (1946) (cases cited therein). *But see Mutual of Enumclaw Ins. Co. v. McBride*, 295 Ore. 398, 667 P.2d 494 (1983) (proof by preponderance); *Green v. Pilot Life Ins. Co.*, 450 So.2d 406 (La.Ct.App. 1984). Further, American Home must prove that there were wilful, material and false representations. *See* insurance provision quoted *supra.*

Thus, in this case, American Home must show that a rational fact-finder, drawing all inferences in favor of the non-moving party, could have found a wilful, material and false representation by clear and convincing evidence. *Kaufman v. Mellon National Bank & Trust Co.*, 366 F.2d 326, 331 (3d Cir.1966) (there must be "clear, precise and indubitable" evidence in order to submit fraud claim to jury under Pennsylvania law). *Cf. Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (standard for sufficiency of the evidence under a "beyond a reasonable doubt" test).

American Home contends that the shareholder-employees misrepresented two sets of facts: (1) which of Sunshine's officers had knowledge of Sunshine's financial affairs, and (2) the exact actions and activities of the shareholder-employees on the night of the fire.

█ As to the knowledge of financial affairs, the record is devoid of any clear evidence of material misrepresentations. Sunshine's president, who could not speak English, asked that American Home address financial questions to the general manager. The general manager, who admitted that he had some knowledge of the financial origins of Sunshine, claimed that he could not recall the exact details but the accountants could tell American Home. At best, the answers were evasive, but there was no evidence that they were false. Finally, American Home has failed to show how any particular statement was material to its claim that Sunshine was insolvent.

As to the events on the night of the fire, American Home claims that the inconsistencies in the statements demonstrate the falsity of their stories. American Home, however, failed to point to any particular false fact. It may be possible to show falsity through inconsistent statements in some cases, but the inconsistencies in this case were so minor as to be trivial. Some employees claim they left at 8:45, others said 9:00. None of them claim to have looked at a watch or a clock. The other inconsistencies are similarly of little probative value.

The district court did not commit error in refusing to submit this issue to the jury because there was insufficient clear and convincing evidence for a rational fact-finder to conclude, absent arson, that the insured's shareholder-employees wilfully made material misrepresentations to American Home. Consequently, this defense will not be a permissible issue at the retrial.

## IV. Sunshine's Counterclaim

█ American Home contends that there was insufficient evidence for the district court to submit Sunshine's counterclaim of insurer bad faith to the jury. In that claim, Sunshine asked for damages for American Home's unreasonable delay in paying for its fire losses. The jury found that American Home had unreasonably delayed settling the fire claim, but awarded no consequential damages.

Although no damages were awarded under this claim, American Home asserts on appeal that the submission of the claim to the jury improperly tainted the jury's consideration of the other issues in the trial. We need not reach the slender merits of this contention because there was sufficient evidence to submit that counterclaim to the jury. In any event, since there will be no retrial of this claim, there is no need to deal further with American Home's argument.

### V. Prejudgment Interest

 American Home contends that the district court was precluded from awarding prejudgment interest when the jury had been given an opportunity to award prejudgment interest and declined to do so. The jury, however, was not asked to award prejudgment interest as damages. During the charging conference, the district court made clear that prejudgment interest was not a jury question. Tr. at 1278–79.

American Home also contends that prejudgment interest cannot be awarded on unliquidated sums. Under Virgin Islands law, the district court is given discretion to award prejudgment interest on unliquidated sums as justice requires. Restatement (Second) of Contracts § 354 (1978); *see also Trocki v. Mendoza,* 15 V.I. 256 (Terr.Ct.1978). At the new trial, should Sunshine prevail, the district court may award prejudgment interest if it should decide that justice so requires it.

### VI. Scope of the New Trial

We have determined that there must be a new trial at least as to the arson defense. In addition, we believe that facts underlying Sunshine's claim for losses under the policy and American Home's defense of fraudulent exaggeration of the proof of loss are so interwoven with those of the arson defense that justice demands a retrial of these issues together. *See Gasoline Prods. Co. v. Champlin Refining Co.,* 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931). Sunshine's financial history, profitability, and solvency were relevant to this claim and these defenses.

As to the other claims and defenses that were raised at trial, we do not believe that the facts underlying those issues are so interwoven with the facts relevant to arson as to automatically require a new trial. Because we found no other reversible error, we do not remand those issues.

### VII.

The judgment of the district court will be vacated and the case will be remanded for new trial on Sunshine's counterclaim for losses under the policy and American Home's arson and fraud in the proof of loss defenses thereto in a manner consistent with this opinion.