960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bradley J. BURGER, Plaintiff-Appellant,
v.
WESTERN KENTUCKY NAVIGATION, INC., Defendant-Appellee.
 No. 91-5221.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Bradley J. Burger, appeals the jury verdict for the defendant, Western Kentucky Navigation, Inc. ("WKN"), in this action for recovery under the Jones Act, 46 U.S.C. app. § 688 (1988). For the reasons that follow, we affirm.
 
 
 2
 * Burger injured his left knee on November 1, 1986, while working as a deckhand on one of WKN's vessels. Following his injury, Burger received medical treatment and was unemployed for a short time. During the period of Burger's convalescence, WKN paid him maintenance and cure.[1] The maintenance payments continued until May 1987, when Burger secured employment elsewhere.
 
 
 3
 On September 27, 1989, Burger filed a Jones Act claim against WKN. Count one asserted claims of negligence under the Jones Act and unseaworthiness under general maritime law, and sought recovery for past and future pain and mental anguish, past and future lost wages, and past and future medical expenses. Count two alleged that WKN had failed to satisfy its obligation under maritime law to provide Burger with maintenance and cure, and that Burger had not yet reached the point of maximum cure. Burger requested maintenance at the rate of $40.00 per day from the date of injury, payment of all medical expenses, and attorney fees.
 
 
 4
 Two days before trial, Burger filed a motion to dismiss count two of his complaint. He also filed a motion in limine requesting that the court preclude WKN from presenting evidence that it had paid maintenance or cure on his behalf. The district court failed to rule on either motion, and the case proceeded to trial on March 20, 1991. The jury returned a verdict in favor of WKN.
 
 II
 
 5
 Burger contends first that the district court erred in admitting certain deposition testimony without ruling on his objections to that evidence. WKN responds that, although Burger objected during the taking of the depositions, he failed to renew these objections before the court, and therefore, he has failed to preserve these objections for review in the present appeal. In the absence of a timely objection on the record, a party cannot claim error based on a ruling admitting evidence, Fed.R.Evid. 103(a)(1), unless the error constitutes plain error affecting substantial rights, id. 103(d).
 
 
 6
 Rule 32(b), regarding objections to the admissibility of depositions, provides that "objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying." Fed.R.Civ.P. 32(b). The rule does not address the proper result where a party objects during the deposition but fails to renew the objection at trial. Rule 32(b) should not be read, however, to obviate the requirement of Rule 103 that an objection to the admission of evidence be "timely." Fed.R.Evid. 103(a)(1). Moreover, Burger has cited no case suggesting that objections raised at the taking of a deposition satisfy the objection requirement of Rule 103. While Burger relies heavily on Los Angeles Trust Deed & Mortgage Exchange v. SEC, 264 F.2d 199, 212-13 (9th Cir.1959), that case is clearly distinguishable; the appellant in Los Angeles Trust objected at trial to admission of the challenged deposition, which objection was explicitly overruled.
 
 
 7
 Burger asserts that the district court refused to rule individually on his objections to the depositions. There is nothing in the record, however, to support Burger's contention that he raised these objections at trial. Burger concedes that the record is "somewhat incomplete," Reply Br. of Burger at 2, but states that this is because no transcript was made of the pre-trial conference. In any event, Burger has promised that, "[t]o the extent that the Record is currently incomplete on these issues, the Plaintiff will take the appropriate action under FRAP 10 to rectify the error and to provide the court with a Record of what occurred at the pre-trial conference." Id. Given that Rule 103 explicitly requires that the objection appear "of record," Fed.R.Evid. 103(a)(1), our review of this issue must assume the record is currently complete.
 
 
 8
 To support his claim that the deposition objections were renewed at trial, Burger points to a motion in limine filed prior to trial, and to his trial brief. Addressing first the motion in limine, that motion was fairly specific as to what evidence Burger found objectionable. Nonetheless, there is no evidence, and Burger does not contend, that the district court ever ruled on this motion.
 
 
 9
 Even if the court had ruled on the motion, it is unclear whether this would have been sufficient to satisfy the objection requirements of Rule 103. In Petty v. Ideco, Division of Dresser Industries, 761 F.2d 1146 (5th Cir.1985), after the trial court denied plaintiff's motion in limine raising objections to certain evidence, the court told plaintiff to raise any specific objections during the presentation of the evidence to the jury. Id. at 1150. The plaintiff failed to do so. In reviewing the plaintiff's challenge to the admission of the evidence, the Fifth Circuit stated that "a party whose motion in limine is overruled must renew his objection when the error he sought to prevent is about to occur at trial." Id. Because the plaintiff failed subsequently to voice his objection, the court held that its review was limited to plain error. Id.; see also Adams v. Fuqua Indus., 820 F.2d 271, 274 (8th Cir.1987) (noting by way of dictum that "a motion in limine does not preserve error [in evidentiary rulings] for appellate review").
 
 
 10
 In contrast to Petty stands American Home Assurance Co. v. Sunshine Supermarket, 753 F.2d 321, 324 (3rd Cir.1985), in which the Third Circuit held that Rule 103 must be read in conjunction with Federal Rule of Civil Procedure 46, which states that "[f]ormal exceptions to rulings or orders of the court are unnecessary." Fed.R.Civ.P. 46. The court thus reasoned that a party's objection in limine to certain evidence was sufficient to preserve the issue for appeal, even absent an objection at trial. American Home, 753 F.2d at 324-25. The Seventh Circuit applied a similar rule in Thronson v. Meisels, 800 F.2d 136 (7th Cir.1986):
 
 
 11
 Fed.R.Evid. 103(a)(1) requires that a timely objection to the admission of evidence be made in order to preserve the right to challenge such admission on appeal. By seeking, albeit unsuccessfully, to exclude the evidence by filing a motion in limine the Meiselses have sufficiently preserved the issue for appeal.
 
 
 12
 Id. at 142.
 
 
 13
 The reasoning of American Home, however, is unpersuasive. We doubt that Rule 46 of the Federal Rules of Civil Procedure was intended to modify Rule 103 of the Federal Rules of Evidence. Furthermore, unlike the Thronson court, we do not regard a motion in limine as a timely objection. As a matter of policy, the objection requirement of Fed.R.Evid. 103 is intended to allow the trial court to fix errors in its decision to admit or exclude evidence on the spot, thus preventing errors that could easily be alleviated without recourse to the appellate courts. A pre-trial motion in limine is not as effective a means of alerting the trial judge to evidentiary problems as a contemporaneous motion at trial. This proposition seems particularly true where, as here, the court did not even rule on the motion in limine. Thus, we find that a motion in limine, especially one that is not ruled upon, is insufficient to preserve an objection to the admission of evidence for appeal. We would have similar reservations about objections contained in trial briefs, but in any event, we note that Burger has failed to include the relevant portions of the brief in the record on appeal, thus preventing review of his contention.
 
 
 14
 Accordingly, we review Burger's objections for plain error. Burger raises three specific evidentiary objections: (1) that Dr. Eller's testimony, that some of Burger's medical bills were paid by Burger's subsequent employer, was immaterial and irrelevant; (2) that a co-worker's testimony, that there was no connection between an allegedly defective ratchet and Burger's injury, was improper in form and without foundation; and (3) that the co-worker's testimony, that there was no safety problem on the barge, was also improper in form and without foundation. Burger fails to articulate precisely how he was prejudiced by the admission of the challenged evidence. Accordingly, we have no basis to find plain error.
 
 III
 
 15
 Burger argues next that the district court erred in permitting WKN to present evidence of its payment of maintenance and cure to Burger despite Burger's motion in limine prior to trial to exclude such evidence. WKN responds that evidence of maintenance and cure was directly relevant to count two of Burger's complaint and, therefore, admissible, and moreover, that such evidence was relevant to Burger's claim in count one of the complaint for medical expenses and lost wages. We review challenges to the admission of evidence on grounds of relevancy, unfair prejudice, or confusion of the issues for clear abuse of discretion. Zamlen v. City of Cleveland, 906 F.2d 209, 215 (6th Cir.1990), cert. denied, 111 S.Ct. 1388 (1991).
 
 
 16
 Count two of Burger's complaint sought to recover for WKN's alleged failure to satisfy its obligations for cure and maintenance. In a pre-trial motion, Burger stated that he "wishe[d] to dismiss without prejudice Count II." J.A. at 27. Federal Rule of Civil Procedure 41(a) provides that, after an adverse party files an answer or a motion for summary judgment, an action may only be voluntarily dismissed by the plaintiff without order of the court "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1)(ii). The rule provides further that, "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court." Id. 41(a)(2). There is nothing in the record to suggest that WKN ever signed a stipulation to dismiss count two or that the district court ever ruled on Burger's motion to dismiss. Thus, a straightforward application of Rule 41(a) indicates that count two of the complaint was never properly dismissed. Burger fails to cite any precedent suggesting that Rule 41(a) is subject to any other interpretation. Because count two's claim for maintenance and cure was not dismissed prior to trial, the district court did not err in admitting evidence suggesting that WKN had fulfilled its maintenance and cure obligations.
 
 
 17
 Evidence of amounts paid for maintenance and cure was also admissible under count one, because the amounts paid reduced the shipowner's liability for medical expense and lost wages. In holding that claims for maintenance and cure combined with Jones Act claims should be tried to a jury, the Court in Fitzgerald v. United States Lines Co., 374 U.S. 16 (1963) noted that damages under these claims overlapped. See id. at 19. Thus, the seaman was entitled to medical expenses under the maintenance and cure claim as well as under the Jones Act claims, and it was necessary that the same fact finder pass on both so that there would not be duplicate recovery. Accordingly, the evidence of maintenance and cure was relevant to count one as well as count two.
 
 IV
 
 18
 For the foregoing reasons, the judgment of the district court is AFFIRMED in all respects.
 
 
 
 [1]
 As explained in WKN's brief, maintenance is a daily living allowance for an injured seaman's reasonable room and board expenses until he is fit for duty or has been cured. Cure refers to an injured seaman's reasonable medical expenses. Each seaman injured during his employment is entitled to maintenance, cure, and lost wages, regardless of the employer's fault