[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: OBJECTIONS TO REQUEST TO REVISE (FILE #120)
General Objection: Overruled. The court has reviewed Lazar v.Germain, 1996 Ct. Sup. 7297 (12/9/96) and the other cases cited by plaintiff. With reference to Practice Book Section 10-61, the court has also reviewed Chapman v. Norfolk Dedham Mutual FireIns. Co., 39 Conn. App. 306, 330-33 (1995); Chapman refers to a consideration of the factors set forth in Giulietti v.Connecticut Ins. Placement Facility, 205 Conn. 424, 435-37
(1987). Weighing the Chapman/Giulietti factors, and considering the evidentiary character of certain allegations contained in the CT Page 5771 amended complaint, I am unable to find prejudice to the plaintiff of the sort, or extent, discussed in the Giulietti.
 Objection — First Request to Revise: Overruled.
Paragraph number nine of the second count of the amended complaint consists of evidentiary material unnecessary to factually allege a CUIPA and/or a CUTPA cause of action. An issue regarding the admissibility of such evidentiary material exists under: AmericanHome Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321
(3rd Cir. 1985); Galbraith v. Hartford Fire Insurance Company,464 F.2d 225 (3rd Cir. 1972); Southern New England Television Company, Inc. v. Hartford Fire Insurance Company,12 Conn. L. Rptr. No. 2, 62 (8/8/94, Lavine, J.). The admissibility of non-arrest evidence should be ruled upon by the trial judge, in limine or otherwise, before it is set forth as a factual allegation, if it need be set forth at all.
Objection — Second Request to Revise: Overruled. The overruling of this objection is not intended to be, or to be construed as, any determination regarding the admissibility of arrest evidence on the CUIPA and CUTPA, which is a matter for the trial judge.
Objection — Third Request to Revise: Overruled. Plaintiff is alleging unnecessary evidentiary material. Practice Book Section 10-1. The admissibility of this evidence may be determined by the trial judge, in limine or otherwise.
Objection — Fourth Request to Revise: Overruled, to the extent that the words "all the" and the words "and without determining the result of the aforementioned criminal prosecutions of Ms. Wozniak" shall be deleted. The remainder of paragraph #21 is to remain.
Objection — Fifth Request to Revise: Sustained.
Mulcahy, J.
CT Page 5771