

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2002

# Walker v. Upper Darby

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Walker v. Upper Darby" (2002). *2002 Decisions*. Paper 576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-4106


FRANCIS X. WALKER,
                              Appellant


v.


WILLIAM GORDON, OFFICER;
LEO SIDES, OFFICER


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 00-cv-00492)
District Judge:  Hon. Jan E. DuBois


Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before:  SLOVITER and RENDELL, Circuit Judges,
         and McCLURE,* District Judge

(Filed September 17, 2002)


OPINION OF THE COURT


_____

*     Hon. James F. McClure, Jr., United States District Court for the Middle District of
      Pennsylvania, sitting by designation. SLOVITER, Circuit Judge.
      The appellant, Francis Walker, brought this action under 42 U.S.C.   1983,
asserting that Defendants, Upper Darby Township and its police officers, William Gordon
and Leo Sides (hereafter "the Officers"), violated his Fourth Amendment rights by using
excessive force during the course of an unlawful seizure.   Prior to trial, Walker filed a
Motion in Limine which sought to preclude the testimony of Defendants' expert
psychiatrist, Dr. Toborowsky, and requested a Daubert hearing.  On October 12, 2001,
after determining that the motion was comprised of objections to the evidence upon
which Dr. Toborowsky based his conclusions rather than objections to the methodology
employed, the District Court denied the Motion in Limine, without prejudice to Walker's
right to object to specific questions at trial.   The matter was tried before a jury and a
verdict entered in favor of the Defendants on October 22, 2001.
      Walker appeals the District Court's October 12, 2001 Order.   Walker asserts that
the District Court erred in admitting Dr. Toborowsky's expert report and testimony
because the conclusions contained therein were unsupported.   Because the District Court
correctly concluded that (a) it is for the trier of fact to determine the weight to be
accorded, and the sufficiency of, the evidence upon which the Defendants' expert relied;
and that (b) Walker's Motion in Limine challenging the sufficiency of the evidence does
not fall within the purview of a Daubert hearing, we will affirm.
                                    I.
      On May 8, 1998, in response to a telephone call from a store employee requesting

police assistance, Walker was forcibly arrested at, or just outside, an automotive store premises and was transported briefly to the police station, where his continued erratic behavior led to his transportation to a local Crisis Center. Walker was then involuntarily committed at the Crisis Center of Mercy Fitzgerald Hospital, where a Crisis Center psychiatrist, Dr. Silverman, made an initial mental health evaluation and, shortly thereafter, Walker was treated at the Hospital's emergency room for a broken left arm and left shoulder injuries which he alleges were caused by the Officers' actions. Walker continued to receive treatment at the Center through May 20, 1998.

Defendants' expert, Dr. Toborowsky, a Board certified psychiatrist, was provided with all of the Crisis Center records, the Hospital emergency room records, those of the orthopaedic physician, and the Officers' depositions. In addition, Dr. Toborowksy took a complete psychiatric history from Walker, and performed a mental status examination. Based upon the evidence considered, Dr. Toborowsky concluded that at the time of arrest Walker was "likely . . . grossly psychotic" and that his ability to judge reality and his perception of events were markedly impaired and, therefore, unreliable. R.R. at 32.

Prior to trial, Walker filed a Motion in Limine seeking to exclude Dr. Toborowsky's testimony and requesting a Daubert hearing. The District Court denied the Motion based on its determination that "what [Walker was] arguing in the Motion   the failure of defendants' psychiatrist to rely on all of the evidence in the case   [did] not require a Daubert Hearing and [was] a proper subject for cross-examination." October 12, 2001 Order. As noted above, the matter proceeded to a jury trial, with a verdict for the Defendants entered on October 22, 2001. This appeal timely followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C.    1331 and 1343, and we exercise jurisdiction under 28 U.S.C.    1291. Our review of the District Court's decision to admit or exclude expert testimony is for abuse of discretion, as is our review of the Court's decision regarding the necessity of a Daubert hearing. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

An abuse of discretion arises if the trial court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact" or when "no reasonable person would adopt the district court's view." Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993). The District Court has broad discretion in determining the admissibility of evidence, and "considerable leeway" in determining the reliability of particular expert testimony under Daubert. See Kumho Tire, 526 U.S. at 152-53.

## III.

The Defendants contend that by failing to raise any specific objections to Dr. Toborowsky's trial testimony, Walker has waived his rights of appeal with respect to the District Court's denial of his Motion in Limine requesting a Daubert hearing on the admissibility of Dr. Toborowsky's evidence. Walker responds, citing our cases holding that when the district court has definitively denied a motion in limine, with no suggestion that the ruling was in any way tentative or subject to reconsideration at trial, an objection at trial is unnecessary. Walker argues that the District Court's recognition of his right to raise specific objections at trial did not alter the unequivocal nature of its ruling on the motion. As we have held, any objection to the evidence when introduced at trial "would have been in the nature of a formal exception and, thus, unnecessary under Rule 46." Am. Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 325 (3d Cir. 1985); see also Walden v. Georgia-Pacific Corp., 126 F.3d 506, 517-18 (3d Cir. 1997) (an unsuccessful motion in limine need not be followed by formal trial objections where (1) the party's pretrial motion sets forth the reasons and case citations in support of the request and (2) the court makes a "definitive" ruling with no suggestion of reconsideration). Although we believe that it would have been better practice to have objected to specific questions, under the circumstances of this case we are unwilling to hold that Walker waived his objection to the District Court's ruling.

## IV.

Daubert requires that, when faced with a proffer of expert testimony, a trial judge determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert, 509 U.S. at 592. These gatekeeping requirements have been extended to apply to all expert testimony. See Kumho Tire, 526 U.S. at 147. This would include the "soft sciences,"

such as psychiatry and psychology.

In accordance with Daubert, trial courts are required to apply a reliability analysis to an expert's opinion; that opinion is "reliable" if it is based on the "methods and procedures of science" rather than on "subjective belief or unsupported speculation." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (1994) (quoting Daubert, 509 U.S. at 590). In other words, the expert must have "good grounds" for his belief. Id. at 741-42 (explaining how Rule 702, which governs the use of expert testimony in the federal courts, embodies three distinct substantive restraints on the admission of expert testimony: qualifications, reliability and fit).

In performing its gatekeeping function, and, in particular, in deciding whether an expert's report meets the reliability factor of a Daubert and Rule 702 analysis, the District Court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein. To the contrary, the role of the District Court is simply to evaluate whether the methodology utilized by the expert is reliable, i.e., whether, when correctly employed, that methodology leads to testimony helpful to the trier in fact. See Daubert, 509 U.S. at 591-93 (noting that the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue" and that the trial court's determination "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue"). Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert, are within the sole province of the jury. Cf. Breidor v. Sears, Roebuck and Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.").

In this case, Dr. Toborowsky based his conclusions on both (a) a review of Walker's medical and psychiatric records, including evaluations of Walker's mental health within hours of the incident in question, and (b) a personal examination of Walker's mental status. See Paoli, 35 F.3d at 762 (concluding that either review of a patient's medical records or a personal examination provides a sufficient reliable source of information to support medical conclusions regarding a patient's status). Compare Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 418 (3d Cir. 1999) (concluding that trial court erred in failing to hold Daubert hearing where expert failed to explain his opinions in his report); Elcock v. Kmart Corp., 233 F.3d 734, 748 (3d Cir. 2000) (concluding trial court erred in failing to hold Daubert hearing where expert employed "admittedly unique methodological approach" based on apparently "arbitrary admixture" of other methods).

Walker's objections to the admission of Dr. Toborowsky's report and testimony are expressly predicated on disagreement with the disputed evidence relied upon by the expert, and on the assertion that conclusions derived from such evidence are necessarily unreliable. An expert is, nonetheless, permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury. It i also, as the District Court observed, a proper subject for cross-examination. See Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination.").

Indeed, even if it were appropriate for the District Court to examine the sufficiency of the data to support an expert's conclusion, Walker concedes that Defendants' version of the disputed facts, such as those regarding Walker's attempted public exposure, would in fact support Dr. Toborowsky's conclusions. Again, factual disputes are for the jury, and Walker was perfectly free to explore on cross-examination the reliance placed by Dr. Toborowksy on the disputed facts and to argue to the jury that, if it rejected the underlying factual premises of his report, it should also reject Dr. Toborowsky's expert opinion on Walker's mental state. See Stecyk, 295 F.3d at 414 ("A party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination.").

Accordingly, we agree with the District Court that because Walker objected to the application rather than the legitimacy of Dr. Toborowsky's methodology, such objections were more appropriately addressed on cross-examination and no Daubert hearing was required.

V.

For the reasons set forth above, we will affirm the decision of the District Court. _____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge