# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHALINI BHATIA, D.O.; JESSICA
GORDON, D.O.; NERIE JAMISON,
DNP; INPATIENT CONSULTANTS OF
NEVADA, INC., A MEDICAL
CORPORATION; SCOTT SELCO, M.D.;
DIGNITY HEALTH D/B/A
ST. ROSE DOMINICAN HOSPITAL –
SIENA CAMPUS; BRIAN LIPMAN,
M.D.; AND SYED AKBARULLAH, M.D.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID M. JONES, DISTRICT JUDGE,
Respondents,
    and
WILLIAM NATHAN BAXTER,
Real Party in Interest.

No. 75730

FILED

MAY 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus or other extraordinary relief challenges district court orders ruling on two related motions in limine and precluding the parties from including non-parties on the verdict form in this professional negligence case. The first order, which was entered on May 1, 2018, denied certain petitioners' motion in limine no. 24, which sought to add non-party Scripps Green Hospital to the verdict form, on the basis that this court, in *Piroozi v. Eighth Judicial District Court*, 131 Nev., Adv. Op. 100, 363 P.3d 1168 (2015), allowed only defendants who had settled their cases to be added to the remaining defendants' names on the verdict form. The second order, entered on May

18-17690

7, 2018, granted real party in interest (plaintiff) William Nathan Baxter's motion in limine no. 1 to prohibit petitioners (defendants) from blaming non-parties. For this ruling, the court reasoned that petitioners did not present any defense experts who opined, to a reasonable degree of medical probability, that the non-parties breached the standard of care or proximately caused Baxter's medical condition, and that despite the testimony of Baxter's experts, petitioners were unable to produce admissible evidence meeting the applicable standard sufficient to show the liability of any other persons. The court again declined to expand *Piroozi* to include on the jury verdict persons besides the defendants and "settled Defendants or identifiable person[s] . . . who have engaged in tortious conduct."

In addition to the petitioners named in the caption, defendant Syed Akbarullah, M.D., has moved for leave to join the petition, which motion we grant. The clerk of this court shall modify the caption of this docket to conform with the caption of this order including Dr. Akbarullah as a petitioner. Baxter has filed an answer to the petition, as directed, and petitioners have filed replies.

*Discussion*

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Piroozi v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 100, 363 P.3d 1168, 1170 (2015). As we believe that our extraordinary intervention will promote judicial economy and administration in this case, given the clear misapplication of our legal holding in *Piroozi*, we exercise our discretion to consider this writ petition. *See* NRS 34.170; *Piroozi*, 131 Nev., Adv. Op. 100, 363 P.3d at 1170.

In *Piroozi*, we discussed whether a jury could consider the comparative negligence of settling defendants in a professional negligence action, where defendants can be held only severally, not jointly, liable for their own percentage of fault. After reviewing the Nevada statutory scheme abrogating joint and several liability in professional negligence actions, caselaw from other jurisdictions with similar statutory schemes, and other legal authorities, we recognized that, despite the existence of a contradictory statute, "if defendants can be held responsible only for their share of an injured plaintiff's damages, it follows that defendants must be allowed to argue the comparative fault of the settled defendants and the jury verdict forms must account for the settled defendants' percentage of fault." *Piroozi*, 131 Nev., Adv. Op. 100, 363 P.3d at 1171. In so holding, we relied in part on the Restatement (Third) of Torts: Apportionment of Liab. § B19 (2000), which explains that when defendants may be held severally liable and a defendant "and one other party, settling tortfeasor, or identified person may be found by the factfinder to have engaged in tortious conduct that was a legal cause of the plaintiff's injury, each such party, settling tortfeasor, and other identified person is submitted to the factfinder for an assignment of a percentage of comparative responsibility." *Id.* at 1171 n.2.

Although *Piroozi* involved a question concerning settling defendants, nothing in that case limits our holding to only settling defendants, and our explanation expressly applies to other "identified persons." Accordingly, we conclude that the district court legally erred to the extent that the court refused to allow petitioners to "blame non-parties" and to exclude them from the verdict form based on *Piroozi* alone. We therefore conclude that the May 1 order denying motion in limine no. 24 must be vacated.

 

With regard to the court's decision on motion in limine no. 1, the court provided two additional bases for precluding petitioners from pursuing principles of comparative fault and adding non-party names to the jury verdict. First, the court pointed out that petitioners had no experts who opined on others' potential fault. But petitioners are entitled to rely on Baxter's experts' testimony at trial. *See Kerns v. Pro-Foam of S. Alabama, Inc.*, 572 F. Supp. 2d 1303, 1311 (S.D. Ala. 2007) "[C]ourts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial."); *cf. Expert Witnesses—Discovery as to Specially-Retained Experts Who Will Not Be Called*, 8A Fed. Prac. & Proc. Civ. § 2032 (3d ed.) (contrasting an opposing party's use of trial experts and consulting experts under the federal rule similar to NRCP 26(b)(4)).

Second, the court indicated that Baxter's experts' testimony is insufficient to prove that a non-party's negligence contributed to Baxter's medical condition. But a motion in limine is merely a preliminary tool designed to avoid prejudicial matters coming before the jury and "clutter," when it is possible to rule definitely to do so. *See Richmond v. State*, 118 Nev. 924, 931, 931 n. 36, 59 P.3d 1249, 1254, 1254 n.36 (2002) (citing to *American Home Assur. v. Sunshine Supermarket*, 753 F.2d 321, 324 (3d Cir.1985) ("[I]f an issue is fully briefed and the trial court is able to make a definitive ruling, then the motion in limine provides a useful tool for eliminating unnecessary trial interruptions.")). Here, petitioners pointed to evidence indicating that non-parties may have breached the standard of care and contributed to Baxter's medical condition. This appears to involve contested issues of fact, however, and whether the evidence was sufficient to support non-party responsibility was not argued or adequately developed

below, meaning that the district court was unable to make a definitive ruling at that time. Because the district court ruled prematurely on this issue, we also conclude that the May 7 order granting motion in limine no. 1 must be vacated.

As the district court misinterpreted our legal holding in *Piroozi* and prematurely ruled on the sufficiency of the evidence to be presented at trial when deciding the motion in limine, we conclude that a writ of mandamus directing the district court to vacate its orders is warranted. Petitioners may attempt to prove that some or all of the fault lies with non-parties, and the verdict may include the names of non-parties if, when viewed in light of the evidence produced at trial, including such names is warranted. Therefore, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its May 1 and 7 orders ruling on motions in limine no. 1 and 24. The motion for stay and joinder thereto, filed in this case on May 4 and May 7, 2018, respectively, are denied as moot.

_____ , C.J.
Douglas

_____ , J.          _____ , J.
Pickering                                          Hardesty

cc: Hon. David M. Jones, District Judge
John H. Cotton & Associates, Ltd.
Lemons, Grundy & Eisenberg
Alverson Taylor Mortensen & Sanders
Carroll, Kelly, Trotter, Franzen, McKenna & Peabody
Schuering Zimmerman & Doyle, LLP
Kenneth M. Sigelman & Associates
Christiansen Law Offices
Eighth District Court Clerk