**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3161
_____

STEVEN HELM,
                            Appellant

v.

DEREK SLAUGHTER; GABRIEL CAMPANA; CITY OF WILLIAMSPORT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:21-cv-00705)
Magistrate Judge: Honorable William I. Arbuckle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 2, 2025

CHAGARES, *Chief Judge,* FREEMAN and MASCOTT, *Circuit Judges*

(Opinion filed: February 3, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Steven Helm brought First Amendment retaliation claims against the City of Williamsport and two of its mayors (collectively, "Defendants"). A jury returned a verdict in Defendants' favor. On appeal, Helm seeks a new trial based on challenges to two of the trial court's evidentiary rulings. For the reasons that follow, we will affirm.

**I**

Helm is a longtime police officer for the Williamsport Police Department. He started as a patrolman in 1993 and was promoted several times, reaching the rank of lieutenant in 2008. In 2017 and 2018, he sued the City for First Amendment retaliation based on his union activities. The parties settled both lawsuits in June 2019.

Later in 2019, then-Mayor Gabriel Campana appointed another lieutenant to an open Assistant Chief of Police position. The Assistant Chief position became open again in September 2020 during Mayor Derek Slaughter's term. Helm applied for the position, but Slaughter selected a different lieutenant over Helm.[1]

Helm sued Defendants pursuant to 42 U.S.C. § 1983. He alleged that he should have been selected for Assistant Chief, but each mayor refused to select him in retaliation for exercising his First Amendment rights in previous lawsuits. He also alleged that the City had a policy of such retaliation.

---

[1] The lieutenant whom Slaughter selected later withdrew his name from consideration. Slaughter never filled the position and instead promoted two officers to police captain.

Before trial, Helm moved *in limine* to preclude Defendants from presenting (1) evidence pertaining to Defendants' alleged justifications for not promoting him, and (2) evidence that Defendants would have made the same decision but for their consideration of his protected conduct. As to the first issue, he argued that any non-retaliatory justifications were irrelevant because Defendants' hiring process violated state and municipal civil service code provisions. As to the second issue, he argued that Defendants waived the so-called "same-decision defense" by not raising it in their answer to his complaint. Additionally, he argued that the only lawful decision Defendants could make was to fill the positions through the civil service process.

A Magistrate Judge, who presided with the consent of the parties, denied the motion. He reasoned that the mayors' respective reasons for not promoting Helm were relevant to whether their actions were retaliatory. He also concluded that the same-decision defense is part of a burden-shifting framework and need not be pleaded as an affirmative defense. The Magistrate Judge did not rule on Helm's argument related to the civil service process, but he noted that Helm had not explained how any defect in that process was relevant.

Trial commenced in November 2024. Before opening statements, Helm sought clarification about whether he could present evidence and arguments about alleged violations of the civil service process. The Magistrate Judge ruled that Helm could not. He explained that Helm had not pleaded a civil-service-process violation, and any such violation was not relevant to the First Amendment claim.

3

At trial, both mayors testified to their reasons for not selecting Helm for the Assistant Chief position. Campana invoked concerns about personality and trust, and Slaughter testified that the person he selected was a better fit for his administration. Both mayors denied that the prior lawsuits were a factor.

The jury returned a verdict in Defendants' favor. Although the jury found that Helm's protected speech was a motivating factor in Campana's decision, it found that Campana would have made the same decision absent Helm's protected activity. It found that Helm's protected speech was not a factor that motivated Slaughter's decision. Because the jury found that neither mayor retaliated against Helm, it did not return a verdict about whether the City had a policy of retaliation.

Helm timely appealed.

**II**[2]

When a party seeks a new trial based on evidentiary rulings, we review preserved evidentiary objections for abuse of discretion. *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 400 (3d Cir. 2016).[3] To demonstrate an abuse of discretion, Helm "must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." *Hart v.*

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Helm did not move for a new trial after the jury returned its verdict. Nonetheless, we assume without deciding that we can review his evidentiary objections and assess whether they support a new trial. *See Fed. Ins. Co. v. HPSC, Inc.*, 480 F.3d 26, 32–33 & n.3 (1st Cir. 2007); *see also Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324–25 (3d Cir. 1985) (holding that a definitive ruling on a motion *in limine* was sufficient to preserve for purposes of appeal the issue raised in the motion).

*Elec. Arts, Inc.*, 717 F.3d 141, 148 (3d Cir. 2013) (citation modified). He has not done so.

Helm first challenges the Magistrate Judge's order precluding him from presenting evidence about the civil service process. He contends that this evidence was crucial to proving his case. He reasons that the civil service process is the only legitimate means of determining promotions for the Assistant Chief position, so any other justifications for refusing to promote Helm had no legal significance. We disagree.

The Magistrate Judge correctly determined that evidence and arguments related to the civil service process were irrelevant because Helm's claims were for First Amendment retaliation, not violations of state or municipal laws. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 143–45 (3d Cir. 2000) (concluding that the contract breach arising from an employee's termination did not support his First Amendment retaliation claim). The Magistrate Judge properly precluded the civil-service-process evidence on this basis.

Helm next argues that the same-decision defense was illegitimate because it relied on Defendants' alleged violations of civil service hiring process provisions.[4] Once again, Helm's emphasis on any separate violations of the civil service process is misplaced. Once a plaintiff has established that his constitutionally protected speech was a "motivating factor" in an adverse employment decision, the burden shifts to the

---

[4] On appeal, Helm does not revive his argument that Defendants waived the same-decision defense.

defendants to show by a preponderance of the evidence that they would have come to the "same decision . . . even in the absence of the protected conduct." *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Nicholas*, 227 F.3d at 144. The Magistrate Judge acted well within his discretion in permitting Defendants to rebut Helm's evidence of First Amendment retaliation using evidence and argument in support of their same-decision defense. *See Nicholas*, 227 F.3d at 144–45.

\* \* \*

For the reasons set forth above, we will affirm the judgment.