**FIGA and Ranger Insurance Company, Plaintiffs,**

v.

**R.V.M.P. CORP., d/b/a B.J.'s Seaside Restaurant, Defendant.**

**No. 82–8433–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 6, 1988.

Paul B. Butler, Jr., Tampa, Fla., for plaintiffs.

Ronald Fitzgerald, Ft. Lauderdale, Fla., for defendant.

## ORDER DENYING MOTION FOR MISTRIAL AND NEW TRIAL

JAMES LAWRENCE KING, Chief Judge.

Before this court is the plaintiff's motion for a mistrial and new trial. After reviewing the record, the court denies the motion.

The plaintiff argues that this court incorrectly admitted evidence of the nonprosecution of the defendant for arson. At trial, the plaintiff called Fire Marshal Albert Schiller. Schiller was qualified as an expert. Based on his experience and investigation, Schiller testified on direct examination that the fire was intentionally set. On cross-examination, the defendant's attorney questioned Schiller about his decision not to inform the State Attorney's office about the matter.

In considering plaintiff's objection to this line of questioning outside the presence of the jury, the court carefully instructed the jury regarding the weight and consideration the jury should give the fire marshal's testimony. The court instructed the jury that the fire marshal believed he did not have sufficient evidence of the identity of the arsonist to bring a criminal proceeding. The instruction further provided that Schiller would have testified this was the reason why he did not present the results of his investigation to the State Attorney. The court then specifically told the jury that a criminal action has a higher standard of proof than a civil action, and the fact that Schiller did not initiate a criminal action had no bearing on whether the insured committed arson under the lower evidentiary standard here.

The plaintiff believes that testimony concerning the nonprosecution of a party for arson is always inadmissible. In support of its position, the plaintiff primarily relies on two cases, *Kelley Auto Parts No. 1, Inc. v. Boughton,* 809 F.2d 1247 (6th Cir. 1987), and *American Home Assurance Co. v. Sunshine,* 753 F.2d 321 (3d Cir.1985). After reviewing these cases, the court

finds the admission of the defendant's non-prosecution for arson to be proper, given the circumstances of this case.

Both *Kelley Auto Parts* and *American Home* appear to stand for the proposition that evidence of nonprosecution is never admissible in a civil trial. This conclusion, however, is overly broad. An examination of the reasoning behind these cases reveals that these courts never addressed the issue of whether evidence of nonprosecution is admissible to cross-examine a fire official. This is the central issue in the instant case.

*American Home* concerned the district court's allowance of nonprosecution testimony to rebut the testimony of fire officials. *American Home,* 753 F.2d at 325. In particular, the court allowed the testimony of a prosecutor to rebut the fire officials' opinion that the fire was intentionally set. *Id.*

In reversing, the Third Circuit noted that evidence of "nonprosecution is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case." *Id.* at 325. The court characterized the prosecutor's testimony as opinion evidence. *Id.* The court believed this testimony was an opinion of a lay person, and was inadmissible because it was "based on knowledge outside the individual's personal experience." *Id.* The court considered this to be an obvious conclusion because prosecutorial discretion "takes into account many other factors not relevant in a civil suit." *Id.*

The *American Home* court, however, refused to hold that this evidence is always inadmissible. The court declined to reach the issue of whether evidence of nonprosecution is admissible as a direct rebuttal. The court only found that evidence of nonprosecution is specifically inadmissible when it does not directly rebut the testimony of fire officials. *Id.*

Similarly, the introduction of nonprosecution evidence on cross-examination was not before the *Kelley Auto Parts* court. *Kelley Auto Parts* was a consolidation of three cases. Two of these cases concerned whether a district court properly excluded evidence of nonprosecution by granting motions *in limine.* *Kelley Auto Parts,* 809 F.2d at 1250, 1252. The third case concerned evidence of nonprosecution that was allowed through direct testimony and was utilized in both the opening and closing statements. *Id.* at 1251. Nonetheless, the Sixth Circuit found evidence of nonprosecution to be inadmissible under any circumstances. *Id.* at 1253.

This conclusion has no application to this case. *Kelley Auto Parts* did not concern the admissibility of nonprosecution evidence through cross-examination of a fire official. Moreover, the cases *Kelley Auto Parts* relied upon, *American Home* and *Galbraith v. Hartford Insurance Co.,* 464 F.2d 225 (3rd Cir.1972), also never reached this issue, the resolution of which is vital here. *American Home* specifically refused to consider this point, and *Galbraith* never did, for it concerned the plaintiff introducing the evidence himself. *Galbraith,* 464 F.2d at 227–228. Thus, *Kelley Auto Parts* is not controlling here.

The case at bar presents an issue of first impression. This case specifically concerns whether evidence of nonprosecution may be used to cross-examine a fire official about that official's decision not to initiate criminal proceedings because of insufficient evidence. Because evidence of nonprosecution is highly probative here, and because the insured suffered no prejudice by its introduction, the admission of this evidence was proper, given the unique circumstances of this case.

This court realizes the potential unfairness that may result if the evidence of nonprosecution is admitted. Nonprosecution may result from prosecutorial discretion or insufficient evidence, or even a pending criminal investigation that has yet to mature. A jury, without a limiting instruction, may equate nonprosecution with complete innocence, for it does not understand the amorphous concept of prosecutorial discretion, or the need for differing standards of proof in civil or criminal actions.

This court also realizes that the exclusion of nonprosecution evidence may result in unfairness to the insured. An insurance

company introduces evidence of arson to show that the insured committed the arson. Often this evidence is introduced through the testimony of a fire official whose job is to investigate fires and, if appropriate, gather evidence for criminal prosecution. Whether this official expressly states so or not, the jury feels that this prominent witness believes the evidence against the insured is overwhelming. Juries often trust these individuals and attach significant weight to their feeling that the official believes the evidence against the insured is insurmountable. A defendant can effectively contradict the jury's feeling by showing that the official himself believes the evidence against the insured was insufficient to satisfy a higher evidentiary standard. A court denying the insured this opportunity may treat the insured unfairly.

To prevent either side from being prejudiced, this court formulated a workable solution for this case. The court allowed evidence of nonprosecution to be presented during the cross-examination of the fire marshal. This evidence consisted solely of the fire marshal's belief that insufficient evidence existed to prosecute the insured for arson. The court specifically informed the jury that a criminal case has a higher evidentiary standard, and a lack of sufficient evidence for a criminal case has no bearing on the issue of whether the defendant committed arson under the lesser evidentiary standard in civil cases. Neither party was treated unfairly or unjustly, and the jury properly focused upon all the evidence presented.

Accordingly, upon the plaintiff's motion, and this court being fully advised, it is

ORDERED AND ADJUDGED that the plaintiff's motion for a mistrial and new trial be, and the same is hereby, DENIED.