DOUCET, Judge.
Plaintiff and defendant-in-reconvention, Richard 0. Briggs, appeals a judgment of the trial court which ordered him to pay damages to the defendant and plaintiff-in-reconvention, New Hampshire Indemnity Company. The trial court ordered Briggs to pay $35,000, plus principal and interest, legal interest from date of judicial demand, attorney's fees of $7,500, and all court costs and expert witness fees. We affirm.
The trial judge rendered written reasons for judgment setting forth his findings of fact and his conclusions of law. On appeal, Briggs urges that the trial court’s findings are manifestly erroneous. We have carefully examined the record in the light of settled principles of appellate review. Finding no clear error of fact or law, we adopt the trial court’s well written reasons for judgment, which follow, as our own.
Plaintiff’s home in Lafayette, Louisiana was destroyed by fire in the early hours of May 28, 1985. The defendant, which had issued a homeowner’s policy to the plaintiff on the property in question, paid the mortgage holder, Finance America Corporation, the amount of thirty-five thousand dollars ($35,000.00) allegedly due and owing on the property and obtained an assignment from it. The plaintiff sued the defendant for loss of personal property and living expenses, and the defendant reconvened asserting as its defense that plaintiff caused the destruction of his home through arson and praying for damages, attorney’s fees, and expenses.
To succeed on its affirmative defense, the defendant must establish that the fire was incendiary and that the plaintiff was responsible for the fire. In its seminal decision in Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952), the Louisiana Supreme Court enunciated the legal principles involved in a successful defense by the insurer:
‘Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff [the insured] was responsible for it.... The insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.’
The evidence submitted to the Court conclusively established the cause and origin of the fire at the plaintiff’s home was incendiary. Two (2) experts in the field of the cause and origin of fires, Mark Pelletier and Dan Snow, testified, that without qualification, the fire was incendiary. They cited the following as supporting their opinions: the charring pattern in the dining room where the fire originated; the fact that the entire dining room floor was consumed indicating an intensity level that could only be due to the use of an accelerant; the fact that all doors to the house were locked compelling the firemen to force entry; and the fact that the neighbor who reported the fire heard an explosion which indicates a high intensity fire brought about by an accelerant. The Court also notes that these facts and the ultimate conclusions of these two (2) experts were not challenged by the plaintiff. Finally, both experts testified that during their investigation of the fire they did not find any non-incendiary cause of the fire, such as an electrical wiring defect or an appliance left in operation. The Court therefore concludes the fire was of incendiary origin.
*1223 It is also the Court’s determination that the plaintiff was responsible for the incendiary nature of the fire. In Rist v. Commercial Union Ins. Co., 376 So.2d 113 (La.1979), the Louisiana Supreme Court held that proof of motive for arson plus the incendiary origin of the fire is sufficient to sustain the defense in the absence of believable rebuttal evidence.
The Court finds that the best evidence proves that the plaintiff had a motive. The death of his mother in October, 1984 had deprived the plaintiff of a substantial source of income, and had left his financial situation in a state of grave uncertainty. Also, his income from various part-time odd jobs was both erratic and uncertain. On this point the Court notes that on different occasions the plaintiff gave conflicting figures concerning the amount of his earnings. Moreover, the plaintiff, who has not filed an income tax return since 1981, could not substantiate his testimony of alleged income. Finally, he admitted to fire investigator Mark Pelletier and State Trooper Walter Lee soon after the fire that his only assets were funds in two (2) bank accounts totalling one hundred fifty dollars ($150.00).
Also supporting the Court’s finding that the plaintiff committed arson are the following facts, which were proven at trial:
(1) Containers of flammable liquid were found inside the burned house.
(2) The firemen found the house locked and later found no evidence of a forced entry by a third party.
(3) Plaintiff admitted having the only key that he knew of to his home.
(4) Plaintiff acknowledged that he knew of no one who had a motive for burning his home.
(5) Plaintiff, upon discovering that his home had burned, never made any inquiry to the authorities.
(6) Reverend Sid Johnson, a neighbor, during the afternoon before the fire saw the plaintiff and another man remove five (5) or six (6) rifles from the
house and put them into the plaintiff’s car.
Having found that the best evidence and the most creditable testimony established that the fire had an incendiary origin and that the plaintiff had a motive to cause said fire, the Court also finds that the plaintiff has not come forward with sufficient evidence to rebut the defendants’ affirmative defense of arson.
The Court finds that the plaintiffs’ explanation of his actions prior to the fire, as well as the testimony of Drake Le-Blanc, the main witness for the plaintiff, was unconvincing, contradictory, and generally unbelievable. Plaintiff and his friend, according to their testimony, left the home the evening before the fire ‘to go drinking’. In statements made to authorities soon after the fire, they claimed to have gone to a bar called The Last Roundup. However, it was subsequently proven at trial that The Last Roundup had been closed at that time. Plaintiff and LeBlanc then attempted to explain it was some other bar, but the Court does not believe them.
The plaintiff’s testimony as to the reason he spent the night at a motel one (1) to one and a half (1½) miles from his home was likewise not convincing. The Court notes that the fire department received the alarm at 3:30 a.m. and that the plaintiff and his friend checked into the nearby motel three minutes later. The plaintiff alleged that he spend [sic] the night at the motel because he was receiving harassing phone calls. When asked by the defense why did he not disconnect his phone, his' reply was that he never thought of it. This, too, the Court finds less than creditable and also self-serving. Considering the testimony of the plaintiff and his friend, Drake LeBlanc, in its entirety, the Court finds it rife with discrepancies. Plaintiff and Mr. LeBlanc conveniently remember what was favorable to the plaintiff, and forgot that which was not.
The Court concludes that the plaintiff started the fire at his home.
New Hampshire Indemnity Company, as plaintiff in reconvention, is seeking *1224 damages of $35,000.00 (the amount it paid to the mortgage holder) and to all outstanding principal and interest until the mortgage is paid, attorney’s fees and expenses, legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.
New Hampshire cites Russell v. Niagara Fire Insurance Company, 129 So.2d 545 (La.App. 2nd Cir.1969) [sic] and Fence [sic] v. Independent Fire Insurance Company, 699 F.2d 204 (5th Cir. 1983), to support its claim that since it paid the mortgage holder the outstanding balance on the mortgage and obtained an assignment, it is therefore entitled to a judgment against the defendant in reconvention for the amount of the indebtedness including the interest and attorney’s fees. As both Russell and Fence [sic] support this position, the rationale being that otherwise the wrongdoer would receive a windfall through his own wrongdoing by having his mortgage cancelled as of the date he destroyed his property, it is the Court’s decision that New Hampshire is entitled to reimbursement of the $35,000.00 it paid the mortgage holder and to all principal and interest accruing after the $35,000.00 was paid until the mortgage is paid, with legal interest thereon from the date of judicial demand.
Additionally, the Court finds that defendant is entitled to reasonable attorney fees which are hereby fixed and awarded at $7,500.00.
The plaintiff, and defendant-in-recon-vention, Richard O. Briggs, is cast with all court costs, including court reporter fees and expert witness fees of fire investigator, Dan Snow, in the amount of $1,961.41.
The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant.
AFFIRMED.