YELVERTON, Judge.
This is an appeal by Joe E. Dawson, the plaintiff, from a judgment based on a jury verdict rejecting his demands for fire and contents damage insurance proceeds in a suit brought against his insurer and others. Not only did the jury reject Dawson’s demand for the coverage under the policy, but the trial court granted judgment in favor of the insurer, Michael George Miller, of Underwriter at Lloyd’s, London, against Dawson, in the amount of $8,362.69, for recovery of the amount paid by the insurer to the mortgagee. Dawson appeals that judgment also.
Although the verdict in the case was a general one, the verdict was a clear indication that the jury believed that the defendant proved its defense of arson.
There are two assignments of error on appeal. One is that the jury erred in its finding of fact. The other is that the trial judge erred in not allowing evidence of the district attorney’s decision not to prosecute. We find no error, and we affirm for the following reasons.
ARSON
Dawson testified that he awoke in his home in the early morning hours of September 17, 1987, alerted to the smell of smoke. He opened the door of his bedroom and saw that fire engulfed the hall. He jumped out of the window and ran toward a neighbor’s house across the street. Looking back as he ran, he saw flames coming out of the roof. At the neighbor’s house someone called a Town of Clayton fire truck, and it arrived in 10 minutes. The fire completely destroyed the dwelling before the firemen could do any good.
Louisiana State Deputy Fire Marshall Lloyd Perkins investigated the fire and testified. Donald Horaist, who qualified as an expert fire inspector and fire investigator, also investigated the fire and testified. Both stated the opinion that the fire was incendiary in origin. There was scientific evidence that gasoline was involved. The general area of origin of the fire was in the hall in the center of the house. That was where the greatest fire damage occurred. The accidental heat sources in the house, such as electrical wiring, the stove, and the water heater, were all examined and eliminated as possible causes.
*972 Dawson was alone in the house at the time of the fire, although normally there were three occupants of the home. Dawson’s explanation of the rapidity of the spread of the fire was denounced by the experts as incredible. The circumstantial evidence included the fact that Dawson needed money. Also, no metal clothes hangers were found in the closet of one of the bedrooms. One bedroom had bed rails but no evidence of a box spring or mattress could be found after the fire. Dawson himself testified that he had been alone in the house for a little over three hours before the fire began.
The only evidence in Dawson’s favor supporting his claim that he had nothing to do with the fire and did not know the cause of it, was his own testimony.
Our review is to determine whether the jury was clearly wrong in evaluating the witnesses for the defendant and concluding that the insurer had proved by a preponderance of the evidence that the fire was of incendiary origin and that the plaintiff was responsible for it. We have examined the record carefully. We find no clear error in the jury’s findings of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989); Briggs v. New Hampshire Indem. Co., Inc., 579 So.2d 1221 (La.App. 3rd Cir.1991).
EVIDENCE THAT THE DISTRICT ATTORNEY DECLINED TO PROSECUTE
The deputy fire marshall submitted a report to the district attorney of the Seventh Judicial District, and that office analyzed the case on the merits of a criminal prosecution. An assistant district attorney later wrote a letter to the state fire mar-shall stating that the report showed sufficient facts upon which to base a finding of arson, and sufficient facts upon which to base probable cause that Joe Dawson did it. The letter explained, however, that the burden of proof in a circumstantial arson case was so heavy, and the prospects for a conviction in the case so slight, that the district attorney declined to prosecute. That letter, and other evidence pertaining to it, was what plaintiff sought to get before the jury, and the trial judge ruled against him.
The issue is whether evidence of his non-prosecution on related criminal arson charges is admissible by a plaintiff in a civil suit for fire insurance proceeds. We have found no Louisiana case directly in point on this issue. In federal court such evidence is not admissible. Rabon v. Great Southwest Fire Ins. Co., 818 F.2d 306 (4th Cir.1987); Kelly’s Auto Parts, No. 1 v. Boughton, 809 F.2d 1247 (6th Cir. 1987); American Home Assur. v. Sunshine Supermarket, 753 F.2d 321 (3rd Cir.1985).
There are two reasons for such a rule as explained in the above federal cases. One is that such evidence has little or no probative value, because of the different burdens of proof. The difference is between preponderance of the evidence in civil cases and proof beyond a reasonable doubt in criminal cases. The other reason is that such evidence is inadmissible because the witness, the prosecutor, is a lay witness and does not have personal knowledge of the matter.
We hold in the present case that the trial judge was correct in deciding that the evidence was inadmissible. The letter from the assistant district attorney to the fire marshall was, at best, evidence of an opinion by a prosecutor concerning a factual matter of which he did not have personal knowledge. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. La.C.E. art. 602. Additionally, as opinion testimony, the assistant district attorney’s opinion could not have been rationally based on the perception of the witness. La.C.E. art. 701.
For the reasons above given, the judgment of the trial court is affirmed.
AFFIRMED.