COOK v AUTO CLUB INSURANCE ASSOCIATION (ON REMAND)

Docket Nos. 174750, 176864. Submitted February 7, 1996, at Detroit. Decided July 5, 1996, at 9:05 A.M.

Charles F. and Frances T. Cook brought an action in the 43rd District Court, J. M. Voss, J., against Auto Club Insurance Association, alleging breach of a contract of automobile insurance after the defendant denied as fraudulent a claim filed by the plaintiffs for the loss of the insured automobile to theft and arson. The court entered judgment on a jury verdict and award of damages to the plaintiffs. The court also ordered the defendant to pay costs under MCR 2.403(O). The Oakland Circuit Court, Jessica R. Cooper, J., affirmed the judgment and award of costs. The defendant sought and was denied leave to appeal the judgment in the Court of Appeals. The Supreme Court, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted. 445 Mich 936 (1994). The Court of Appeals granted the defendant's application for leave to appeal the award of costs. The appeals were consolidated.

On remand, the Court of Appeals *held*:

1. The district court erred so as to require reversal in denying the defendant's motion to exclude evidence of the fact that the plaintiffs were not prosecuted for insurance fraud.

2. The award of costs to the plaintiffs is vacated.

District court judgment and affirmance of that judgment reversed. Order taxing costs and affirmance of that order vacated. Case remanded for new trial.

INSURANCE — ACTIONS ON POLICIES — FRAUD BY INSUREDS.

Evidence that an insured was acquitted or was not prosecuted for insurance fraud may not be admitted in the insured's action against the insurer for breach of the insurance contract related to the insurer's denial as fraudulent a claim made by the insured; such evidence is prejudicial and has little or no probative value.

UAW-Chrysler Legal Services Plan (by *Lawrence A. Williams* and *Barbara G. Robb*), for the plaintiffs.

*Hanlon, Becker, Lanctot, McCutcheon, School-master, Taylor & Hom* (by *Thomas J. Dombrowski*) and (*John A. Lydick*, of Counsel), for the defendant.

ON REMAND

Before: O'CONNELL, P.J., and REILLY and D. E. SHELTON,* JJ.

O'CONNELL, P.J. This action for breach of an insurance contract originated in the district court. In Docket No. 176864, defendant appeals the circuit court's affirmance of the judgment on jury verdict entered in the district court. A panel of this Court originally denied defendant's application for leave to appeal, but pursuant to Supreme Court order, we now consider defendant's appeal pursuant to MCR 7.302(F)(1) as on leave granted. 445 Mich 936 (1994). In Docket No. 174750, defendant appeals by leave granted the circuit court's affirmance of the order of the district court taxing costs pursuant to MCR 2.403(O) against defendant.

We have consolidated these appeals to facilitate our review. In Docket No. 176864, we reverse the circuit court's affirmance of the judgment of the district court and remand for a new trial. In Docket No. 174750, we vacate the order of the district court taxing costs and the circuit court's affirmance of that order.

I

Plaintiff Charles Cook purchased a used Ford Tempo for his daughter, plaintiff Frances Cook. Plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiffs insured the automobile with defendant. The automobile insurance policy covered, among other things, theft and arson.

Approximately nine months later, the Tempo was found burned beyond repair under suspicious circumstances. Plaintiffs reported the loss to defendant, claiming that the automobile had been stolen and destroyed. Defendant refused to pay the claim, contending that plaintiffs had attempted to commit insurance fraud. Defendant, however, did not pursue the criminal prosecution of plaintiffs, and plaintiffs were never prosecuted.

Plaintiffs brought this action for breach of an insurance contract against defendant in the district court. Before trial, defendant moved in limine to exclude all mention of the fact that plaintiffs were not charged with any crime in connection with the destruction of the Tempo. The district court denied the motion. During trial, plaintiffs' counsel elicited from an employee of defendant testimony that defendant had declined to pursue criminal prosecution in the matter, the damaging effect of which was mitigated to some extent by the witness' disclosure that defendant, as a rule, did not pursue criminal prosecution. Plaintiffs' counsel referred to defendant's inaction during closing argument, asking the jury: "[W]hy wasn't there an insurance fraud claimed? That bugs the heck out of me. I don't know how you guys feel about it."

The jury was persuaded that plaintiffs had committed no fraud and awarded them just over $3,500. Defendant appealed as of right to the circuit court, which affirmed. This Court initially denied defendant's application for leave to appeal, but upon the

Supreme Court's order, we now consider defendant's appeal as on leave granted.

II

Defendant contends that the district court committed error requiring reversal in denying defendant's motion to exclude evidence that plaintiffs had not faced criminal prosecution. Our review of the case law indicates that defendant is correct.

This issue appears to be one of first impression in Michigan, though our courts have dealt with similar issues. For example, this Court has previously held that an insured's arson conviction may be used to bar the insured's recovery in a suit to determine insurance coverage. *Ramon v Farm Bureau Ins Co*, 184 Mich App 54, 59-60; 457 NW2d 90 (1990). We must now consider the converse, whether an insured's acquittal, or the absence of criminal prosecution altogether, may be used by the insured as a sword in a similar suit.

Without exception, all the courts that have considered this issue have concluded that evidence of acquittal or lack of prosecution is not admissible in an insured's suit against the insurer. See, e.g., *Kelly's Auto Parts, No 1, Inc, v Boughton*, 809 F2d 1247, 1251-1253 (CA 6, 1987); *American Home Assurance Co v Sunshine Supermarket, Inc*, 753 F2d 321, 325 (CA 3, 1985); *Galbraith v Hartford Fire Ins Co*, 464 F2d 225, 227 (CA 3, 1972); *Rabon v Great Southwest Fire Ins Co*, 818 F2d 306, 309 (CA 4, 1987); *Weathers v American Family Mutual Ins Co*, 793 F Supp 1002, 1015 (D Kan, 1992); *Krueger v State Farm Fire & Casualty Co*, 510 NW2d 204, 210-211 (Minn App, 1993); *Dawson v Miller*, 594 So 2d 970, 972 (La App,

1992). The rationale underlying this unanimity of opinion does not vary. First, evidence of acquittal or the lack of prosecution is highly prejudicial because it goes to the principal issue before the jury. *Krueger, supra.* Second, though highly prejudicial, "such evidence has little or no probative value, because of the different burdens of proof. The difference is between preponderance of the evidence in civil cases and proof beyond a reasonable doubt in criminal cases." *Dawson, supra.* Finally, with respect to lack of prosecution only,

> a prosecutor's decision to *nolle prosse* may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for criminal conviction. In any event, a prosecutor's opinion whether the insured started the fire is inadmissible since it is based on knowledge outside his personal experience. [*Rabon, supra,* p 309.]

We find the reasoning of the cases cited above to be persuasive and adopt it as our own.

In the present case, plaintiffs faced no criminal prosecution with respect to the destruction of the Tempo. Defendant's motion to exclude evidence of this was denied. Plaintiffs' counsel proceeded to elicit damaging testimony from an employee of defendant that defendant had declined to seek prosecution of plaintiffs, and also used this information to good effect during closing argument. The prejudice is evident. For the reasons set forth in the preceding paragraphs, this prejudice outweighed any probative value of the evidence. See MRE 403. Therefore, we conclude that the district court abused its discretion in denying defendant's motion in limine.

The only remaining question in this context is whether the court's abuse of discretion may be considered harmless error. Error may not be predicated on an evidentiary ruling unless a substantial right was affected. MRE 103(a). As set forth in *Krueger, supra,* p 210, "[i]n the federal courts, it is reversible error to permit an insured seeking the proceeds of a fire insurance policy to present evidence of nonprosecution or acquittal on criminal arson charges." This Court is aware of no published decision, state or federal, in which the admission of evidence pertaining to an insured's acquittal or lack of prosecution was held to be harmless error.[1] Rather than establish a bright-line rule in regard to harmless error, we hold that under the circumstances that exist here, the admission of evidence of an insured's acquittal or lack of prosecution may not be considered harmless error. Whether under different factual circumstances it can ever be "harmless error" correctable by a jury instruction is best left for another day.

Accordingly, we reverse in Docket No. 176864 and remand for a new trial. It is unnecessary that we reach defendant's remaining allegations of error with respect to the district court's evidentiary rulings.

III

In Docket No. 174750, defendant submits that the district court erred in granting plaintiffs' belated

---

[1] We note, however, that this type of evidence may sometimes be admissible for other purposes. See, e.g., *Goffstein v State Farm Fire & Casualty Co,* 764 F2d 522, 524-525 (CA 8, 1985) (evidence of lack of prosecution would have been admissible to cure court's error in admitting extensive evidence of police investigation suggesting that the insured had been criminally charged, though court's *failure* to admit evidence of lack of prosecution constituted harmless error).

motion brought pursuant to MCR 2.403(O) for the taxation of costs. Because we have reversed the judgment upon which the order taxing costs is predicated, there is no basis for the taxation of costs. We, therefore, vacate the order taxing costs against defendant and the circuit court's affirmance of that order.

In Docket No. 176864, the judgment of the district court and the order of the circuit court affirming that judgment are reversed, and the matter is remanded. We do not retain jurisdiction. In Docket No. 174750, the order taxing costs against defendant and the order of the circuit court affirming that order are vacated.