542 S.E.2d 723

**Tommy E. BROWN, Sr., Petitioner,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

No. 25253.

Supreme Court of South Carolina.

Heard Nov. 15, 2000.

Decided Feb. 20, 2001.

22

James C. Cothran, Jr. and Robert M. Holland, both of Spartanburg, for petitioner.

Richard L. Patton, of Patton & Associates, of Greenville, for respondent.

TOAL, Chief Justice:

We granted Tommy E. Brown's ("Brown") petition for a writ of certiorari to review the Court of Appeals' decision in *Brown v. Allstate Ins. Co.*, 337 S.C. 499, 523 S.E.2d 807 (Ct.App.1999). We reverse.

### FACTS/PROCEDURAL BACKGROUND

On February 13, 1995, Brown's car stopped on U.S. Highway 29 between Cowpens and Gaffney in Cherokee County, South Carolina. He parked the car on the side of the road and left it overnight. The following morning, at approximately 2:00 a.m., Brown's 1984 Chevrolet Corvette was found burning. The car was a total loss as a result of the fire and was taken to the salvage yard. All parties agree the car was intentionally burned.

Prior to the fire, Brown's car was in pristine condition. Mr. Hamrick, the owner of Hamrick's Used Cars and Trucks, was familiar with the car and testified his son detailed the car one month prior to the fire. According to Mr. Hamrick, the car was in mint condition and it had many expensive additions,

such as an excellent stereo system and "ground effects." Mr. Mathis, a mechanic who worked on the car for eleven years, testified Brown kept the car in near perfect condition. Mr. Mathis saw the car on the day of the incident and testified the engine was in good condition.

Brown filed a claim with Allstate Insurance Company ("Allstate"), his insurer, for the value of the car. Allstate denied the claim contending the car burned as a result of arson by, or at the direction of, Brown. According to Allstate, Brown was guilty of misrepresentation and bad faith by asserting a false claim. Allstate averred Brown had both the motive and opportunity to set the fire, and Brown misrepresented or concealed his involvement.

On October 12, 1995, Brown brought a civil action against Allstate for breach of contract and bad faith refusal to pay benefits. During the bench trial, Melinda Brown, Browns' ex-wife, testified Brown knew the engine was having problems prior to the fire, but he did not have enough money to fix it. The trial court did not find Melinda Brown's testimony credible because she smiled at inappropriate times during her testimony, did not recall the parties exchanged criminal warrants prior to her contacting the insurance company, and she appeared to "gain some strange pleasure from her testimony against [Brown]." The trial court disregarded her testimony as unreliable and biased.

On February 10, 1998, the trial court found in favor of Brown for breach of contract and required Allstate to pay $25,000 for his automobile. The trial court dismissed the cause of action for bad faith refusal to pay benefits because several factors justified Allstate's initial refusal to pay benefits, including: (1) there were traces of gasoline in the carpet padding; (2) the stereo and alloy wheels had not been stolen; (3) there were inconsistencies in Brown's testimony; and (4) a statement by Brown's ex-wife that attempted to establish a motive for the fire.

The trial court found, and Brown and Allstate agreed, the fire was of an incendiary nature and intentionally set. The trial court further held Brown had opportunity to set the fire, but Allstate failed to establish a sufficient motive for burning the automobile. The trial court found it persuasive that the

morning after Brown parked his car on the side of the road, he went to his usual repair shop to make arrangements to have the car towed, and apparently did not realize it had burned. Further, the trial court found the trial testimony indicated Brown "babied" his car and would have done nothing to harm it.

During the trial, over Allstate's objection, the trial judge allowed Brown to testify he had not been criminally charged with arson, aiding or abetting arson, or conspiracy to commit arson. Allstate appealed alleging the trial court erred in admitting evidence concerning the State's decision not to prosecute Brown for arson. The Court of Appeals reversed holding: (1) as a matter of first impression, evidence of the State's failure to prosecute the insured for arson was inadmissible; (2) this error required reversal; and (3) the presumption of regularity of proceedings in a bench trial did not apply.

The following issue is before this Court on certiorari:

Did the trial judge err in receiving evidence the State did not charge or prosecute Brown for arson?

## Law/Analysis

Brown and Allstate concede the trial judge received incompetent evidence when he allowed Brown to testify he had not been prosecuted for arson or related crimes. We agree with the Court of Appeals' opinion and recent case law that evidence of non-prosecution for criminal arson is irrelevant and immaterial in a civil case for fire insurance proceeds. *See Rabon v. Great Southwest Fire Ins. Co.,* 818 F.2d 306 (4th Cir.1987) (holding a federal trial court committed reversible error when it permitted a plaintiff in a suit for fire insurance proceeds to present evidence of his non-prosecution or acquittal on related criminal arson charges); *see also Kelly's Auto Parts, No. 1, Inc. v. Boughton,* 809 F.2d 1247 (6th Cir.1987); *Am. Home Assurance Co., v. Sunshine Supermarket, Inc.,* 753 F.2d 321 (3d Cir.1985); *Kamenov v. N. Assurance Co. of Am.,* 259 A.D.2d 958, 687 N.Y.S.2d 838 (1999); *Cook v. Auto Club Ins. Ass'n,* 217 Mich.App. 414, 552 N.W.2d 661 (1996); *Krueger v. State Farm Fire & Cas. Co.,* 510 N.W.2d 204 (Minn.Ct. App.1993); 19 Couch On Insurance 2d *Evidence* § 79:571 (Rev. ed. 1983 & Supp.1999) (indictment of insured for arson,

or failure to indict him or her for such crime, is irrelevant and inadmissible in action on a fire insurance policy where the defense is the insured caused the fire).

According to the court in *Rabon*, evidence of criminal charges related to arson is excluded in suits for fire insurance proceeds because such evidence goes to the principal issue before the court and is highly prejudicial. *Rabon*, 818 F.2d at 309. Furthermore, a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than those that apply in a civil proceeding. *Id.* "In particular, a prosecutor's decision to *nolle prosse* may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for a criminal conviction. In any event, a prosecutor's opinion whether the insured started the fire is inadmissible since based on knowledge outside his personal experience." *Id.*

■ Although we find the evidence of Brown's non-prosecution for arson was irrelevant and inadmissible, we reverse the Court of Appeals' decision because the admission of the evidence was harmless. We find there was not a sufficient showing the trial judge either affirmatively relied on the incompetent evidence, or could not have reached the same result without relying on the incompetent evidence.

■ We agree with the Court of Appeals' dissent, which concurred in the majority's finding that the evidence of Brown's non-prosecution was inadmissible, but dissented on the issue of prejudice. The dissent concluded, as do we, that the admission of the evidence was harmless because Allstate failed to prove motive, an essential element of its defense. To prove arson, an insurer must demonstrate by the preponderance of the evidence the fire was of an incendiary origin, and the insured caused the fire. *Carter v. Am. Mut. Fire Ins. Co.,* 297 S.C. 218, 375 S.E.2d 356 (Ct.App.1988). An insurer can prevail in an arson defense based solely on circumstantial evidence if it shows the fire was of an incendiary origin and the plaintiff had both the opportunity and the motive to set the fire. *Id.* (quoting *Fortson v. Cotton States Mut. Ins. Co.,* 168 Ga.App. 155, 308 S.E.2d 382, 385 (1983)).

■] In this case, the trial judge held the fire was of an incendiary nature and Brown had the opportunity to set it. However, the trial judge ruled Allstate failed to prove Brown had sufficient motive for burning the vehicle. According to the trial judge, no evidence was introduced concerning Brown's stressed financial condition, other than his ex-wife's testimony, which the court discounted as unreliable. Furthermore, the trial court was persuaded by the fact an engine repair would cost less than the value of the car. Such repair would place the car in pristine condition and Brown would be able to sell the car for a substantial amount of money. Moreover, all the trial testimony indicated Brown "babied" his car and would have done nothing to damage it. The trial judge was also persuaded by the fact Brown visited his mechanic and asked to have the vehicle towed the morning after the fire, apparently unaware the vehicle was destroyed.

Based on these specific factual findings, the trial judge held Allstate did not establish motive. Because Allstate failed to prove an essential element of its defense, Allstate cannot demonstrate it was prejudiced by the trial judge's admission of the incompetent evidence. Therefore, the admission of the improper evidence was, at most, harmless error.

The Court of Appeals, in its majority opinion, held the admission of evidence was reversible error because the incompetent evidence was admitted precisely for consideration of the ultimate issue before the court—whether Brown committed arson of his vehicle. According to the majority: "We reject the application of the [presumption of regularity] rule where the court in a bench trial allows a potpourri of improper evidence *on the ultimate issue in the case* followed by an order with no ruling or comment by the court indicating a rejection of the incompetent evidence." *Brown*, 337 S.C. at 514, 523 S.E.2d at 815 (emphasis in original). The majority held that because the trial judge never acknowledged the evidence was inadmissible, did not respond affirmatively to counsel's argument in that regard, and did not reconsider the ruling or state the evidence would not be considered on the ultimate issue of arson, the overwhelming inference from the record was the trial judge considered the evidence. Accordingly, the majority concluded the incompetent evidence in-

duced the court to make an essential finding which would not otherwise have been made.

■ The majority essentially adopts a new rule for trial judges sitting without a jury. According to the majority, if incompetent evidence is admitted on the ultimate issue of the trial, the trial judge must affirmatively reject this evidence, even if it is clear he is making a judgment based on competent evidence in the record. We reject this rule because it would require trial judges to rule on all admitted evidence in a bench trial. A trial judge's role in a bench trial is to admit all evidence and then evaluate it in a non-jury setting. The majority's rule is, therefore, unnecessarily burdensome and would inhibit the trial judge's ability to evaluate the evidence and ascertain the truth.

### CONCLUSION

Based on the lack of competent evidence of motive and the lack of reference to the incompetent evidence in the trial judge's order, there is not a reasonable probability such evidence had an effect on the result. We, therefore, **RE-VERSE** the Court of Appeals' decision and **REINSTATE** the decision of the trial court.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.