This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Firenze Imports, Inc. (hereinafter "Firenze"), appeals the trial court's decision in Firenze's suit against Defendant-Appellee, the Cincinnati Insurance Company (hereinafter "Cincinnati"), excluding evidence that no criminal arson charges had been filed in the same set of facts. For the following reasons, we conclude the trial court properly excluded that evidence and its decision is affirmed.
On October 2, 1996, Firenze suffered damage as the result of a fire at its place of business in Columbus, Ohio. On June 6, 1997, Firenze filed a complaint against its insurer, Cincinnati, alleging Cincinnati breached its contract with Firenze by failing to satisfy Firenze's claims. Cincinnati answered on July 31, 1997, asserting arson and fraud as affirmative defenses. After discovery, a jury trial commenced on November 6, 2000. At trial, Firenze, during their case-in-chief, called Cincinnati's lead adjustor, John James (hereinafter "James"), to the stand to testify. Firenze asked James if anybody had been charged with a crime in this matter. That question was objected to and that objection was sustained. Firenze then asked James if anyone had been arrested in the matter. That question was also objected to. The court held a discussion on the record, but outside the hearing of the jury, and sustained the objection. On November 15, 2000, the jury came back with a verdict for Cincinnati.
Firenze's sole assignment of error argues:
 "The trial court erred by excluding evidence that criminal arson charges were not brought against the Insured-Appellant."
Evidence which is not relevant is not admissible. Evid.R. 402. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Relevant evidence must be excluded from evidence if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Evid.R. 403(A).
When determining the admissibility of evidence under Evid.R. 403, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of discretion which materially prejudices a party. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66,567 N.E.2d 1291, 1298-1299. An abuse of discretion constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482-483, 450 N.E.2d 1140,1142. A trial court abuses its discretion only when
"the result [is] so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126-127, 482 N.E.2d 1248,1252.
The issue before us is whether a trial court in a civil case commits error when it excludes evidence of non-prosecution of a criminal offense which could arise out of the same facts as the civil case. Although no Ohio court has yet addressed this issue, a variety of other state and federal courts have done so. In its brief, Firenze cited no cases supporting its position that this type of evidence should be admissible. At oral argument Firenze cited FIGA v. R.V.M.P. Corp. (S.D.Fla. 1988),675 F. Supp. 1327, for the proposition that evidence of non-prosecution is admissible. However, that trial court's decision was reversed in FIGAv. R.V.M.P. Corp. (C.A.11, 1989), 874 F.2d 1528, and the case was remanded for a new trial.
Without exception, appellate courts have found that evidence of acquittal or lack of prosecution is not admissible in an insured's suit against the insurer. See Brown v. Allstate Ins. Co. (2001), 344 S.C. 21,542 S.E.2d 723; Kamenov v. N. Assurance Co. of Am. (N.Y.App.Div. 1999),687 N.Y.S.2d 838, 259 A.D.2d 958; Cook v. Auto Club Ins. Assn. (Mich.Ct.App. 1996), 217 Mich. App. 414, 552 N.W.2d 661; Krueger v. StateFarm Fire Cas. Co. (Minn.Ct.App. 1993), 510 N.W.2d 204; Dawson v.Miller (La.App. 1992), 594 So.2d 970; Weathers v. Am. Family Mut. Ins.Co. (D.Kan. 1992), 793 F. Supp. 1002; FIGA, supra; Rabon v. GreatSouthwest Fire Ins. Co. (C.A.4, 1987), 818 F.2d 306; Kelly's Auto Parts,No. 1, Inc. v. Broughton (C.A.6, 1987), 809 F.2d 1247; Goffstien v. StateFarm Fire Cas. Co. (C.A.8, 1985), 764 F.2d 522; Am. Home Assurance Co.v. Sunshine Supermarket, Inc. (C.A.3, 1985), 753 F.2d 321; Galbraith v.Hartford Fire Ins. Co. (C.A.3, 1972), 464 F.2d 225. Although Brown found it to be harmless error to introduce evidence of non-prosecution, Cook,FIGA, Rabon, Kelly's Auto Parts, Am. Home Assurance Co., and Galbraith
all found the admission of evidence of non-prosecution to be reversible error.
The rationale behind this unanimity of opinion is just as consistent. First, evidence of acquittal or non-prosecution is highly prejudicial "because such evidence goes to the principal issue before the court."Brown, 542 S.E.2d at 725. Second, the evidence of non-prosecution "is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case." Am. HomeAssurance Co., 753 F.2d at 325. Finally, "a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than apply in a civil proceeding." Rabon,818 F.2d at 309.
"At its most relevant, non-prosecution may have meant that the prosecutor had investigated the facts, considered them, and concluded from them that [the insured] had not committed arson. Thus considered, it is apparent that the evidence would have been only an opinion which, moreover, would not have been based on personal knowledge." Galbraith,464 F.2d at 227-8.
For these reasons, "[t]he probative value of the evidence of non-prosecution is nominal when weighed against the likelihood the jury will be mislead and assign undue weight to it." Krueger,510 N.W.2d at 211.
This rationale is even stronger when, in a case such as this, the civil trial was held before the statute of limitations on the criminal charge had run. The statute of limitations for arson is six years. State v.Reynolds (Jan. 4, 2001), Columbiana App. No. 95 CO-30, unreported; R.C.2901.13(A)(1). In this case, the fire occurred on October 2, 1996. The civil trial commenced on November 6, 2000, and the jury came back with its verdict on November 15, 2000, leaving the prosecutor almost two years on the statute of limitations within which to bring arson charges. Indeed, arson charges relating to this fire may still be brought after this opinion has been released.
Evidence of non-prosecution in an insured's suit against its insurer may have limited probative value in proving the insured did not intentionally cause the damage which is the basis for the civil suit. However, that limited probative value is substantially outweighed by the danger of confusing the issues and misleading the jury. For these reasons, it was not error for the trial court to exclude evidence of non-prosecution for arson in this case. Firenze's assignment of error is meritless and the decision of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs.