## CIRCUIT COURT OF THE CITY OF ROANOKE

Kevin Wilson

    v.

State Farm
Fire and Casualty Co.

December 14, 2009

Case No. CL06-2308

BY JUDGE CHARLES N. DORSEY

On November 20, 2009, the Court heard argument on Plaintiff Kevin Wilson's Motions in Limine and Defendant State Farm Fire and Casualty Company's ("State Farm") First and Second Motions in Limine and Motion to Bifurcate. At the conclusion of the hearing, the Court took the parties' motions under advisement.

Now, after having had an opportunity to consider the applicable authorities and the briefs submitted by counsel, the court is prepared to issue its ruling on the parties' motions. For the reasons stated below, the Court rules as follows: (1) Wilson's Motions in Limine are denied; (2) State Farm's First Motion in Limine is denied; (3) State Farm's Motion to Bifurcate is granted; and (4) State Farm's Second Motion in Limine is granted.

### I. *Background*

This declaratory judgment action arises from State Farm's denial of Wilson's claim for insurance coverage on a piece of rental property that was damaged by fire on August 1, 2005. In its denial-of-coverage letter, State Farm stated three grounds for denying Wilson's claim: (1) he intentionally

caused the fire to be set; (2) he failed to cooperate in the investigation of the loss; and (3) he engaged in concealment and misrepresentation of material facts relating to the loss.

In response to State Farm's denial of his claim, Wilson filed this action, alleging not only that State Farm breached its contract with him, but also that it did so in bad faith. Thus, in addition to seeking a declaration that State Farm has a duty to defend and indemnify him for the losses sustained as a result of the fire, Wilson asks the court to award him costs and attorney's fees under Va. Code § 38.2-209.

## II. *Discussion*

### A. *Wilson's Motions in Limine*

Wilson moves to exclude the following items of evidence from trial: (1) any evidence obtained by State Farm after it denied his claim; (2) any testimony or other evidence from his former tenants, building managers, or business partners; (3) any opinions or other testimony by Richard Ress based on evidence that was not in State Farm's possession when it denied his claim; and (4) any opinions, reports, or other testimony by Douglas Hurd formulated or prepared after State Farm denied his claim.

In his brief in support of his Motions in Limine, Wilson argues that these items of evidence are either irrelevant or prejudicial and should therefore be excluded from trial. Although Wilson may be correct, the Court denies his Motions in Limine. The reason for this is simple; the Court cannot determine issues of relevancy and prejudice without first knowing the context in which the evidence will be presented. Wilson is, of course, free to raise his objections at trial if and when the items of evidence he now moves to exclude are presented.

### B. *State Farm's First Motion in Limine and Motion to Bifurcate*

State Farm moves to bifurcate Wilson's claim for breach of contract from his claim for bad faith, contending that the latter "is not ripe for consideration unless and until [he] has established coverage under the policy. . . ." Def.'s Mem. in Supp. of First Mot. in Limine and Mot. to Bifurcate 1. Moreover, it argues, because it is the judge and not the jury that decides a claim for bad faith under § 38.2-209, evidence related only to that claim should be excluded from the jury's consideration.

In response, Wilson argues that, contrary to State Farm's contention, § 38.2-209 does not mandate the bifurcation of his claims for breach of contract and bad faith. He further contends that, had the General Assembly intended for the judge and not the jury to decide a claim for bad faith, then it would not have changed the language of § 38.2-209 to read "court" instead of "trial judge" when it amended that section of the Code.

The parties' arguments on the construction of § 38.2-209 raise two questions. First, is Wilson's claim for bad faith premature? Second, does the judge or the jury decide a claim for bad faith? In addressing these questions, the Court looks first to the language of § 38.2-209, which in pertinent part states:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under the present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney's fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.

Turning to the first question, whether Wilson's claim for bad faith is premature, there is nothing in the language of § 38.2-209 that explicitly requires that an insured establish coverage before asserting a claim for bad faith. Nonetheless, State Farm's argument that a claim for bad faith is not ripe until an insured has established coverage finds support in the relevant case law. In *US Airways, Inc. v. Commonwealth Ins. Co.*, 64 Va. Cir. 408 (Arlington County 2004), *rev'd on other grounds sub nom. PMA Capital Ins. Co. v. US Airways, Inc.*, 271 Va. 352, 626 S.E.2d 369 (2006), for example, the Arlington County Circuit Court held that an insured may not assert a claim for bad faith until a judgment has been entered against an insurer. *Id.* at 419. This is so, the court explained, because "a judgment against the insurer acts as a condition precedent to any claim of bad faith in Virginia." *Id.* at 420.

Several federal district courts that have addressed the issue whether claims for bad faith may be brought under § 38.2-209 before coverage has been established have adopted the *US Airways* rule. *See, e.g., Adolf Jewelers, Inc. v. Jewelers Mut. Ins. Co.*, No. 3:08CV233, 2008 U.S. Dist. LEXIS 55791,

at *5 (E.D. Va. July 21, 2008) (adopting the *US Airways* rule). *But see, e.g., Structural Concrete Products, L.L.C., v. Clarendon Am. Ins. Co.,* No. 3:07CV253, 2007 U.S. Dist. LEXIS 61714, at *10-13 (E.D. Va. Aug. 22, 2007) (rejecting the *US Airways* rule); *Styles v. Liberty Mut. Fire Ins. Co.,* No. 7:06CV00311, 2006 U.S. Dist. LEXIS 49294, at *6-7 (W.D. Va. July 7, 2006) (same). For instance, in *Cradle v. Monumental Life Ins. Co.,* 354 F. Supp. 2d 632 (E.D. Va. 2005), the District Court for the Eastern District of Virginia, finding *US Airways* to be controlling on the issue, held that a "claim under § 38.2-209 may only be brought once a judgment is entered against the [insurer]." *Id.* at 636. Likewise, in *Tiger Fibers, L.L.C. v. Aspen Specialty Ins. Co.,* 594 F. Supp. 2d 630 (E.D. Va. 2009), a case decided just this year, the District Court for the Eastern District of Virginia again held that "[a] claim under § 38.2-209 may . . . be brought . . . only as a source of recovery of costs and attorney's fees once a judgment is entered against the insurer." *Id.* at 655.

Although the Supreme Court of Virginia has not ruled whether a claim for bad faith may only be asserted after a judgment has been entered against an insurer, it has explained that § 38.2-209 "allows an insured to recover costs and reasonable attorneys' fees in a declaratory judgment action brought by the insured against the insurer, if the trial court determines that the insurer was not acting in good faith when it denied coverage or refused payment under the policy." *Nationwide Mut. Ins. Co. v. St. John,* 259 Va. 71, 75, 524 S.E.2d 649, 651 (2000). Implicit in this explanation is the requirement that a judgment must be entered against an insurer before an insured may bring a claim for bad faith under § 38.2-209.

This is how other Virginia circuit courts seem to have handled claims for bad faith under § 38.2-209. In *Haghnazarian v. State Farm Mutual Ins. Co.,* 21 Va. Cir. 140 (Fairfax County 1990). for example, the Fairfax County Circuit Court did not consider the insured's claim for bad faith under § 38.2-209 until after the jury had determined that the insurer breached its contract with the insured by failing to fully compensate him for a covered loss. *Id.* at 140. Similarly, in *Wells v. Travelers Ins. Co.,* 26 Va. Cir. 296 (Richmond 1992). the Richmond City Circuit Court did not reach the insured's claim for bad faith under § 38.2-209 until after finding for him on summary judgment. *Id.* at 303.

While there is no controlling precedent regarding whether a claim for bad faith under § 38.2-209 may be brought only after a judgment is entered against an insured, the Court finds *US Airways* persuasive and therefore adopts its rule. Accordingly, the Court holds that Wilson's claim for bad faith is premature at this stage of the case and, therefore, grants State Farm's Motion to Bifurcate.

Although State Farm's Motion to Bifurcate is granted, its First Motion in Limine to exclude the testimony of Peter Knowe from the jury is denied. Issues of relevancy and prejudice at this stage of the case are difficult, if not impossible, to decide without knowing what Knowe's testimony will be or the context in which it will be presented. State Farm is, of course, free to make its objections to Knowe's testimony if and when it is offered at trial.

Moving to the second question, whether the judge or the jury decides a claim for bad faith, the language of § 38.2-209 controls. That section, in pertinent part, states that "costs and attorney's fees shall not be awarded unless the *court* determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy." Va. Code Ann. § 38.2-209 (2009) (emphasis added).

As noted above, Wilson argues that, as used in § 38.2-209, "court" does not mean the judge, but rather the jury. This is so, he argues, because had the General Assembly intended otherwise it would not have replaced "trial judge" with "court" when it amended that section of the Code. This argument is unavailing for at least two reasons.

First, it runs contrary to the common understanding of "court." *Black's Law Dictionary*, for example, defines "court" as "[a] governmental body consisting of one or more *judges* who sit to adjudicate disputes and administer justice." *Black's Law Dictionary* 378 (8th ed. 2004) (emphasis added). Wilson does not cite, nor could the Court find, any Virginia authority that defines "court" to mean anything other than one or more judges.

Second, if the legislature intended for the jury to decide a claim for bad faith, then it could have changed the language of § 38.2-209 to read "jury" instead of "court" when it amended that section of the Code. This point was well articulated by the U.S. Court of Appeals for the Fourth Circuit when it considered the issue in *Winston v. State Farm Fire & Casualty Co.*, Nos. 95-2705, 95-2783, 1996 U.S. App. LEXIS 23282 (4th Cir. Sept. 5, 1996). There, the court stated:

> The district court correctly concluded that the statutory reference to "court" did not mean "jury," and decided the issue itself. [The insured's] argument is counter-intuitive — "court" is not the same as "fact-finder" — and we cannot assume that the Virginia legislature chose the word "court" lightly.

*Id.* at *9. What is more, this construction of § 38.2-209 is also consistent with the Supreme Court of Virginia's opinion in *Nationwide Mutual Ins. Co. v. St. John*, 259 Va. 71, 524 S.E.2d 649 (2000). In that case, the trial court

determined that the insurer acted in bad faith after the jury returned a verdict in favor of the insured on his breach-of-contract claim. *Id.* at 73-74, 524 S.E.2d at 651. On appeal, the Supreme Court upheld the trial court's determination of bad faith. *Id.* at 78, 524 S.E.2d at 652. In so doing, it explained that, under § 38.2-209, an insured may recover costs and attorney's fees "if the *trial court* determines that the insurer was not acting in good faith when it denied coverage or refused payment under the policy." *Id.* at 75, 524 S.E.2d at 651 (emphasis added). If "court" meant the jury instead of the judge, as Wilson argues, then the Supreme Court would have certainly stated as much when discussing the standard by which a claim for bad faith is determined for purposes of § 38.2-209. The fact that it did not only lends further support to the conclusion that the judge, not the jury, decides a claim for bad faith under § 38.2-209.

For these reasons, there can be no doubt that "court," as used in § 38.2-209, means the judge, not the jury. Consequently, if Wilson prevails on his claim for breach of contract, then the Court will consider his claim for bad faith in accordance with the standard of reasonableness enunciated by the Supreme Court in *CUNA Mutual Ins. Co. v. Norman*, 237 Va. 33, 375 S.E.2d 724 (1989).

## C. *State Farm's Second Motion in Limine*

State Farm also moves to exclude from the jury any evidence relating to the fact that no criminal charges have been brought against Wilson in connection with the fire that burned down his rental property. Such evidence, it argues, would be irrelevant and prejudicial. Because no Virginia court has apparently ruled on the issue, State Farm cites numerous federal court cases to support its position.

The principal case that State Farm relies on is *Rabon v. Great Southwest Fire Ins. Co.*, 818 F.2d 306 (4th Cir. 1987). There, the U.S Court of Appeals for the Fourth Circuit held that the trial court erred in allowing the insured to assert in his closing argument to the jury that the dismissal of criminal arson charges against him proved that the insurer acted unreasonably when it denied his claim for coverage on his property that was destroyed by fire. *Id.* at 309-10. In so holding, the court explained:

> We adopt and apply here the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal charges. The reasons for this rule are easy to appreciate. First, such evidence goes directly to the

principal issue before the jury and is highly prejudicial. Second, a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than apply in a civil proceeding. In particular, a prosecutor's decision to nolle pros may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for criminal conviction. In any event, a prosecutor's opinion whether the insured started the fire is inadmissible since based on knowledge outside his personal experience.

*Id.* at 309 (internal citations omitted).

This rule has also been adopted and applied by several state courts. *See, e.g., State Farm Fire & Cas. Ins. Co. v. Carter*, 154 Md. App. 400, 840 A.2d 161 (2003); *Firenze Imps., Inc. v. Cincinnati Ins. Co.*, No. 00CA262, 2002 Ohio 1559, 2002 Ohio App. LEXIS 7303 (Ohio App. Mar. 26, 2002); *Brown v. Allstate Ins. Co.*, 344 S.C. 21, 542 S.E.2d 723 (2001). In *Cook v. Auto Club Ins. Assn.*, 217 Mich. App. 414, 552 N.W.2d 661 (1996), for instance, the Court of Appeals of Michigan, following the Fourth Circuit's lead, held that an insured cannot use his or her nonprosecution or acquittal on criminal arson charges as a sword in a civil suit against an insurer. *Id.* at 417-18, 552 N.W.2d at 662-63. In reaching its holding, the court conducted a survey of the case law from other jurisdictions, noting that "[w]ithout exception, all the courts that have considered the issue have concluded that evidence of acquittal or lack of prosecution is not admissible in an insured's suit against the insurer." *Id.* at 417, 552 N.W.2d at 662.

Although the Supreme Court of Virginia has not ruled whether an insured may offer evidence of his nonprosecution or acquittal in a suit against an insured, it has held that " 'a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered' and 'such judgment of conviction or acquittal is not admissible in evidence' in the civil case." *Selected Risk Ins. Co. v. Dean*, 233 Va. 260, 261, 355 S.E.2d 579, 579 (1987) (quoting *Smith v. New Dixie Lines*, 201 Va. 466, 472, 111 S.E.2d 434, 438 (1959)). Given this well-settled rule and the persuasiveness of the reasoning behind the rule adopted and applied by the Fourth Circuit and every other court that has considered the issue, the Court holds that any evidence relating to the fact that no criminal charges have been brought against Wilson in connection with the fire that burned down his property is inadmissible at trial. Accordingly, the Court grants State Farm's Second Motion in Limine.

### III. *Conclusion*

For the reasons stated above, the Court rules as follows: (1) Wilson's Motions in Limine are denied; (2) State Farm's Motion to Bifurcate is granted; (3) State Farm's First Motion in Limine is denied; and (4) State Farm's Second Motion in Limine is granted.