

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2006

# Rodriguez v. West New York

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rodriguez v. West New York" (2006). *2006 Decisions.* Paper 595.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/595

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2745

———

CALIXTO RODRIGUEZ,

Appellant

v.

TOWN OF WEST NEW YORK;
ALBIO SIRES; SAL VEGA; DONALD HELLER

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 02-cv-04046)
District Court Judge: Honorable Dennis M. Cavanaugh

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2006

Before: BARRY, VAN ANTWERPEN and JOHN R. GIBSON,[*] Circuit Judges.

(Filed  August 14, 2006)

———

OPINION OF THE COURT

———

———

[*] The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals
for the Eighth Circuit.

JOHN R. GIBSON, Circuit Judge.

After being arrested and charged with driving while intoxicated, Calixto Rodriguez brought an action under 42 U.S.C. § 1983 against the Town of West New York, Mayor Albio Sires, Director of Public Safety Sal Vega, and Police Officer Donald Heller raising claims of unreasonable search and seizure, malicious prosecution, and excessive use of force. On appeal, Rodriguez contends that the district court erred in granting summary judgment to Sires and Vega and challenges evidentiary rulings and comments made by the district judge at Rodriguez's trial against Heller. We affirm.

In the early morning hours of August 20, 2000, Rodriguez was pulled over by Officer Heller while he was driving home from Las Palmas Restaurant in West New York, New Jersey. At trial, Heller and Rodriguez offered different accounts of the stop. Heller testified that he received a radio report that a person driving a Ford Expedition was possibly intoxicated, and so he stopped an Expedition that he observed swerving over the double yellow lines. Heller stated that Rodriguez smelled of alcohol, refused to get out of his car or perform a field sobriety test, and, after being pulled out of his car by Heller and another officer, "Mr. Rodriguez wouldn't stand, he just let his legs go limp," so they handcuffed him. In contrast, Rodriguez testified that he had only two drinks several hours earlier and had not committed any traffic violations. Rodriguez stated that while he was reaching for his insurance card after being pulled over, Heller threw him out of the car onto the ground and handcuffed him. The officers took him to the police station and held him overnight after he allegedly refused to take a breathalyzer test. The DWI

2

charges were subsequently dismissed because the police department failed to comply with a court order to produce Heller's personnel file and the tape of the radio transmission he received that night.

Rodriguez claims that Sires and Vega should be liable for Heller's actions because they were deliberately indifferent to a "code of silence" in the police department which permitted police officers to act unconstitutionally. However, the district court correctly dismissed Sires and Vega from this action. Leaving aside the question of qualified immunity, in order to be liable under § 1983 as supervisors, individual city officials must have "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). A civil rights plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a "relationship between the 'identified deficiency' and the 'ultimate injury.'" Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001) (quoting Sample v. Diecks, 885 F.3d 1099, 1118 (3d Cir. 1989)). Rodriguez did not present any evidence that Sires or Vega were involved in the alleged constitutional violations arising from the traffic stop or that they were aware of any previous cases of excessive use of force or malicious prosecution and acquiesced in such conduct. See Evancho, 423 F.3d at 353. As Rodriguez did not create a genuine issue of material fact about supervisory liability, Sires and Vega were entitled to summary judgment.

3

We are also convinced that the district court did not abuse its discretion in denying Rodriguez's request for a new trial.

Rodriguez first argues that the district court made prejudicial comments during summation. In closing, Rodriguez's counsel argued that the tape of the radio communication received by Officer Heller was intentionally destroyed in order to cover up the fact that Heller never had probable cause for the stop. The judge sustained an objection by defense counsel, stating "There's no testimony of any of that . . . . The testimony was that Officer Heller had nothing to do with the tapes. And there's no testimony of coverup or any such thing in this case." A federal judge is permitted to comment on the evidence so long as the comments do not confuse or mislead the jury or become so one-sided as to amount to advocacy. Am. Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 327 (3d Cir. 1985). No such circumstances exist here, especially since Rodriguez did not produce any evidence suggesting that Heller attempted to cover up his misconduct by asking the police department to destroy the tape.

Rodriguez also argues that the district court erred in refusing to allow the lay opinion testimony of three former police officers and two physicians. The district court excluded the testimony on the ground that Rodriguez was required but had failed to provide Officer Heller with the appropriate expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). We review this decision under an abuse of discretion standard, although our review of the district court's legal interpretation of the Federal Rules of Evidence is plenary. See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382-83 (3d Cir. 2002).

4

The district court did not abuse its discretion in excluding the officers' testimony as outside the scope of a lay opinion. See Fed. R. Evid. 701(c) (lay witnesses may not testify based on "specialized knowledge within the scope of Rule 702"). Rodriguez states that the three former officers would have testified that the West New York police department fostered a "police culture where police officers routinely act in concert to discredit victims of police misconduct by committing perjury, filing false police reports and initiating baseless criminal prosecutions." However, the three officers left the police force some five to seven years before the traffic stop occurred. Thus, their testimony would not be based on personal observations about the facts of the case, but rather their specialized knowledge of customs and practices at the police department. See United States v. Dulcio, 441 F.3d 1269, 1275 (11th Cir. 2006) (per curiam); United States v. Garcia, 413 F.3d 201, 215-16 (2d Cir. 2005).

Nor did the district court err in concluding that the testimony offered by the two physicians fell outside the scope of Rule 701. Rodriguez contends that one of the doctors would have testified that Rodriguez had visited his office in March 2002 complaining of shoulder pain and that the other doctor would explain how Rodriguez's diagnosis of diabetes affected his ability to drink alcohol. The district court did not abuse its discretion in concluding that a doctor seen almost two years after the traffic stop and several months before filing the complaint was retained in anticipation of litigation and was therefore required to file an expert report. See Fed. R. Civ. P. 26(a)(2)(B). Furthermore, the other physician was not a direct participant in the events at issue nor was

he going to testify about his consultation and treatment of Rodriguez. Cf. Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003). Rather, he would offer opinion testimony about the effect of diabetes on a patient's ability to drink alcohol, and the district court correctly determined that this would amount to an expert opinion based on specialized knowledge. See Collins v. Prudential Inv. & Ret. Servs., 119 Fed. Appx. 371, 379-80 (3d Cir. 2005).

We affirm the judgment of the district court.